ALBERTO BOROQUEZ v. STATE.

No. 26,447. June 3, 1953.

*Richard C. White* and *Richard Burges Perrenot,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Owen H. Ellington* and *Rutledge Isaacks,* Assistants District Attorney, El Paso, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant, who a few months prior had been honorably discharged from the army, occupied, with his mother, Josefa Alpuente, one room of a five-room house. The remainder of the house was occupied by two other parties and their families.

Appellant stands here convicted of the wilful burning of the house of Josefa Alpuente, with punishment assessed at three years in the penitentiary.

The sufficiency of the evidence to support the conviction is challenged.

Shortly after midnight, appellant came home drunk. He awakened his mother and began teasing her and, as she testified, acting "like Dracula." The mother became frightened, left the room, and went to the room of another occupant of the house. She later went to the house of a neighbor. About the time she left the house, appellant was seen carrying some personal effects and a small table out of the room, from which smoke was issuing.

Alvarez, a special officer, testified that when he arrived at the scene of the fire appellant was standing in front of the house watching the fire. Upon his asking if there was anyone in the house, appellant replied, "I don't give a damn if the whole place burns down with everybody in it." The witness further testified that appellant made no effort to help in getting people out of the burning house.

The fire was confined to the one room of house and was soon put out.

A strong odor of kerosene permeated appellant's clothing when he was apprehended at the fire. There was also a strong

odor of kerosene in the room as well as on the mattress and bed-clothes, and kerosene was found at different places on the floor.

The mother testified that she kept a brown gallon-bottle of kerosene on a shelf in the room, which she used in a lantern and also to burn trash in the back yard.

It is upon these facts that this conviction rests.

The jury disregarded the appellant's defense that the burning of the room was accidental and not the result of any wilful intent or purpose on his part to set fire and burn the house of his mother. His testimony seems to suggest that the fire started from a cigarette after he had fallen asleep and that a can of kerosene turned over in the room after the fire had started.

We are constrained to agree that the facts stated warranted the jury's conclusion of guilt.

The conclusion that the house was incendiarily set afire is authorized by the presence of kerosene in various places and on different objects of the room. Appellant's immediate presence there, as well as his acts and conduct at the time of the fire, warrant the conclusion that he was criminally connected therewith.

Accordingly, the judgment is affirmed.

Opinion approved by the court.