J. S. ROGERS V. STATE

No. 27,442. March 2, 1955
Motion for Rehearing Denied
(Without Written Opinion) May 18, 1955

[REDACTED]

*Hyde, Barber & Shireman,* Corpus Christi, *R. Stansell Clement,* Lamesa, and *Dell* and *Perry Barber,* Colorado City, for appellant.

*Eldon Mahon,* District Attorney, Colorado City, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is arson; the punishment, two years in the penitentiary.

Trial was had in Dawson County on a change of venue from Mitchell County. A former conviction for said offense was reversed by this court in Rogers v. State, 158 Texas Cr. Rep. 8, 252 S.W. 2d 465, because of jury misconduct.

The state's evidence shows that appellant came from the state of Mississippi, purchased the Gosnell Hotel located in Colorado City, Texas, on November 30, 1949, the deed reciting ten dollars cash and the execution of two vendor's lien notes in the total sum of $70,000 as consideration. At the time of the fire, June 16, 1951, there was co-insurance on the building and contents totaling $105,000.

The fire department received a call at 10:53 p.m. the night of the fire, a fireman arrived at the Gosnell Hotel three minutes later and saw appellant behind the hotel desk and appellant said "he thought it (the fire) was probably in the basement."

The officers and firemen found eighty-two one-gallon jugs, some in the basement and others in various rooms, closets and on the roof of the hotel. In the closet of appellant's apartment,

which was located directly behind the hotel desk, open gallon jugs containing liquid and fresh wood shavings were discovered around holes in the floor.

Some of the jugs contained gasoline; others, creosote; and still others, turpentine. In addition to this, it was shown that certain holes had been freshly bored so as to create a draft from the basement, where a burned and broken jug of the same type as the others was found, up through the first and second floors and onto the roof of the hotel. Some of the jugs containing combustible fluid were shown to have been placed in hotel rooms along the course of this draft, and it appeared from the room cards that none of the rooms along the path had been rented on the night of the fire.

It was further shown that immediately prior to the moment when the first explosion was heard, the appellant had excused himself from the company of two of his guests, whom he had invited into an unoccupied room adjoining the lobby for a "night-cap," and that immediately following the explosion, he was busily engaged in notifying his guests that the hotel was on fire.

The evidence shows that appellant and his wife, a short time before the fire, went to Mississippi on a vacation; that appellant returned about two days before the fire leaving his wife in Mississippi; that each of the jars found in the hotel containing inflammable fluid had been manufactured at a glass factory in Mississippi; and that a carton of these jars was found in the hotel with identification markings on it and from these markings it was shown that the carton was manufactured in Mississippi sometime in the month of June, 1951. As stated, the fire occurred on June 16, 1951.

A guest testified that she returned to the hotel about 8 p.m. on the night of the fire and smelled gasoline in her room.

It was also shown that a brace and bit were found on the kitchen cabinet in appellant's apartment. A black substance found on the curved part of the bit was examined by a chemist, and compared with a substance which was identified as being removed from near the holes in the roof, and he expressed the opinion that these substances were similar in all respects and probably originated from the same source.

It was further shown that appellant's son left the hotel about

6 p.m. on the day of the fire carrying men's and ladies' clothing and several boxes, and that very few clothes were in the apartment after the fire.

Appellant did not testify or offer any evidence in his own behalf.

Appellant challenges the sufficiency of the evidence to support the conviction.

That the fire was of incendiary origin is conceded.

We conclude that the presence of the appellant in the building before and at the time of the fire, together with all the surrounding facts and circumstances herein shown, sustain the finding of the jury that the appellant was criminally connected with the burning of the building.

Appellant contends that the court erred in admitting in evidence ledger books showing the income of the Gosnell Hotel during the period from December 24, 1949, to February 2, 1951, because the entry into his apartment in the hotel at the time said books were removed on Monday afternoon, June 18, following the fire on Saturday night, June 16, was without his consent and without a search warrant. Appellant further complains of testimony showing what the entries in said books revealed because the books were not properly identified or shown to have been made in the regular course of business and would be hearsay.

It was shown that appellant was not consulted at the time the books were removed and there was no search warrant.

Virgil Miller, Deputy State Fire Marshall, testified that on Monday afternoon, June 18, upon instruction from the State Fire Marshal, he began an investigation for the purpose of determining the cause and origin of the fire here in question and that he removed said books from the apartment.

This investigation was lawful under the provisions of Arts. 5.43, 5.44 and 5.45 of the Insurance Code (Acts 52nd Legislature, Ch. 491, pp. 868, 940) which authorized and made it the duty of said officer under the facts here shown to enter said building and apartment "at any time" for the purpose of investigating the cause, origin and circumstances of such fire, and

to ascertain if possible whether it was the result of design, accident or carelessness.

The books here referred to were not introduced in evidence, but it was shown that they revealed a daily record of the business of the hotel during the period from December 24, 1949, to February 2, 1951. It was further shown that no books pertaining to the hotel were found which were dated later than February 2, 1951.

Witness Miller's testimony shows that the books were in appellant's apartment immediately behind the hotel desk. A picture introduced in evidence shows them to have been so located on the night of the fire.

We find that the books were properly identified and that the testimony showing the subject of their contents was admissible in evidence.

Appellant, in his brief, urges error because of jury misconduct as alleged in his motion for new trial. The court heard evidence on such motion which was overruled. In the absence of a statement of facts showing the evidence adduced upon the hearing of the motion, nothing is here presented for review. Art. 760e, V.A.C.C.P.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.