**Jesse ALMENDAREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39554.**

Court of Criminal Appeals of Texas.

April 20, 1966.

Rehearing Denied June 1, 1966.

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Charles E. Bonney and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is arson; the punishment, two years.

The state's testimony shows that appellant lived in a house at 6825 Avenue P. in the city of Houston, which house was owned by E. G. Wessels.

Mrs. Gloria Dean Gilmore, a neighbor who lived in the third house down the street from appellant, testified that on the night in question, shortly after midnight, she observed the appellant and his wife sitting in an automobile parked in appellant's driveway; that they appeared to be angry and appellant got out of the car, slammed the door, and went inside his house. Some thirty seconds later, appellant's wife got out and followed him inside the house. The witness then left her home and went across the street to a neighbor's house, which was directly in front of appellant's home. From the front porch of the neighbor's house she could hear a noise coming from appellant's house which sounded like "furniture being pushed around and broken glass." The witness testified that she then went to her home to get some cigarettes. As she was returning to her neighbor's house, her neighbor stated that there was "a fire across the street." The witness then observed a fire at appellant's house and proceeded on to the neighbor's house and called the fire department. The witness stated that, shortly thereafter, two arson investigators arrived at the scene and after talking to her they went to appellant's house and opened the door. At that time she observed appellant inside the house, dressed in slacks, without a shirt, and "fixing to start out the door." She stated that appellant then turned around and went back through the house and she later saw him in custody of one of the investigators. She further testified that when the firemen arrived at the scene they went inside the house and brought out appellant's wife, who was then limp and "looked like she was dead." At such time the wife had a black eye and a bruise on the side of her face.

H. G. Wooten, an arson investigator for the city of Houston, testified that he and his partner, B. A. Cook, arrived at the scene at 1:41 o'clock, a. m., and after talking briefly to Mrs. Gilmore they went to appellant's house, where he observed smoke coming out the window and could see flames on the east side; that when he opened the front door he saw the appellant, dressed only in his trousers, coming toward the door; that they asked him if anyone else was in the house and he replied "no, that he was the only one." Appellant then turned around and ran toward the back. Just before he entered another room they again asked him if anyone else was in the house and he replied he was the only one, and kept going. The witness testified that about this time his partner stepped over and picked up a lady who was lying on the floor and who was later identified as appellant's wife. The wife appeared to be unconscious and had a bruise on the side of her face and had a black eye. The witness testified that at such time he and his partner observed six separate and distinct fires burning in the house and that there were piles of women's clothing burning at the point of origin of each fire. Near each fire there were struck and unstruck matches. At two of the fires window curtains were burning and wallpaper was burning in two of the rooms. The witness stated that part of the house was actually burning and charred; that the wood underneath the canvas and wallpaper was burning and at two of the points of origin there was a small bit of charring on the window sill. The witness further testified, without objection, that in

his opinion the six individual points of origin were of an incendiary nature. The witness further stated that the furniture in the house was disarranged and broken; that a mirror was broken and a lavatory was pulled off the wall in the bathroom and water was running on the floor. He further swore that in leaving the house appellant jumped over his wife's body and ran out the back door.

E. G. Wessels, the owner of the house, testified that two days after the fire he went to the address and talked to appellant; that at such time appellant stated that he had an accident and said, " 'Don't bother, I'll fix all this' "; that when the witness stated he intended to make a claim appellant said, " 'You won't have any losses, I'll fix it.' " Appellant further related to the witness that he and his wife had gone out on a party and " 'We were doing some celebrating and I guess we overdid it * * * and the mattress had caught fire.' " The witness swore that he did not give appellant permission to set his house on fire.

Appellant did not testify or call any witnesses in his behalf.

The issue of appellant's guilt was submitted to the jury upon a charge of circumstantial evidence.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction.

It is insisted that the conviction cannot be sustained because the facts proven did not exclude every other reasonable hypothesis except that of appellant's guilt and particularly the hypothesis created by the witness Wessels' testimony that the cause of the fire was an accident.

With such contention we do not agree.

While the witness Wessels did testify that appellant stated the fire started in a mattress and was an accident, the evidence —together with the other facts and circumstances—was sufficient to exclude the hypothesis of an accident or any other rea-

sonable hypothesis except that of appellant's guilt. In this regard it should be noted that the court was not requested to submit and did not submit in his charge to the jury the defense of accident.

We conclude that appellant's presence in the house at the time of the fire, together with all the other surrounding facts and circumstances, is sufficient to sustain the finding of the jury that appellant committed the offense charged. Boroquez v. State, 158 Tex.Cr.R. 568, 258 S.W.2d 318; Rogers v. State, 161 Tex.Cr.R. 536, 279 S.W.2d 97.

The judgment is affirmed.

Opinion approved by the court.