RUSSELL v. STATE. (No. 5061.)

(Court of Criminal Appeals of Texas. June 19, 1918. Rehearing Denied Oct. 30, 1918.)

1. CRIMINAL LAW ☞264—TIME FOR ARRAIGNMENT.

It is not error to arraign accused after the jury is sworn individually and collectively.

2. CRIMINAL LAW ☞1111(3)—BILL OF EXCEPTIONS — ACCEPTANCE OF QUALIFICATIONS.

Acceptance of a bill of exceptions with qualifications binds accused to the qualifications.

3. CRIMINAL LAW ☞404(4) — EXHIBITS — ADMISSIBILITY.

In prosecution for murder, deceased's bloody coat, containing knife slash, *held* admissible, to show relative positions of deceased and accused, in view of conflicting testimony on such issue.

4. CRIMINAL LAW ☞1037(1)—TRIAL—DEMONSTRATIONS IN ARGUMENT.

Allowing state's attorney to put on deceased's coat and have colleague take accused's position, where no objection was made at the time, was not error.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Grady Russell was convicted of murder, and he appeals. Affirmed.

Chandler & Chandler, of Stephenville, and W. J. Oxford, of Thurber, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of murder, and his punishment assessed at eight years in the penitentiary.

The statement of facts is rather voluminous. The testimony introduced by the state, and as a whole, without doubt, was amply sufficient to sustain the conviction of appellant for murder. Some of the testimony by appellant and his witnesses raised the question of manslaughter, and appellant insists that if convicted he should have been convicted for that alone. However, the court submitted every question raised, including that of manslaughter, in a clear and apt charge to which there was no objection. The jury had a right under the law and testimony to believe and find that appellant was guilty of murder and not of manslaughter.

There is no necessity for reciting the testimony. There are but few questions raised.

[1] By his first bill it is shown: That when the case was called for trial both parties announced ready. That the jury was selected from a special venire, and as each juror was accepted he was sworn individually. When the jury was completed, they were sworn collectively. That thereupon, for the first time, the appellant was arraigned. That he was arraigned before any testimony was introduced, and to his arraignment he also pleaded not guilty. Appellant complains of this, claiming that the arraignment should have been had before the jury or any of them were selected. This court has uniformly held that, while it was proper to arraign an accused before the selection of the jury, the fact that it was done after the jury was selected and sworn presents no error. Smith v. State, 1 Tex. App. 408; Morris v. State, 30 Tex. App. 95, 16 S. W. 757; Cardova v. State, 6 Tex. App. 207; Mays v. State, 50 Tex. Cr. R. 165, 96 S. W. 329; and other cases.

[2] Appellant has another bill complaining that the court erred in permitting the bloody clothes of deceased to be introduced in evidence, claiming in his bill that there was no difference between the doctors as to the location of the wound, its extent, and the course of the stab. The court qualified the bill in approving it. Appellant accepted the bill as qualified and is bound thereby. The judge's qualification is quoted:

"I do not certify as to the correctness of the testimony therein shown, or that there was no controversy between the physicians for the state and those for the defendant as to the location of the wound on the body of the deceased. Dr. Naylor, witness for the state, testified that the knife, which inflicted said wound entered the body of the deceased 2½ inches back of the top of his left shoulder and near the edge of the shoulder blade, close to the spine, and that the opening of the wound was almost perpendicular to the median line of the body, but inclined a little outward at its lower edge.

"Dr. Harris, who testified for the defense as to the character and location of said wound, stated that the knife entered the body of deceased near the top of the left shoulder, ranging downward, and that the cut or orifice of the wound made by said knife was in a horizontal position to the body of the deceased, and said witness, in the presence of the jury, described said wound upon the person of another person, as above stated.

"Witnesses for the state, who saw the blow struck, and afterwards saw the wound on the person of the deceased that proved his death, testified that said wound was located at different points on the back of deceased, some as much as six inches below the top of the shoulder and near the spine, and that the knife entered the body directly from behind, and that the wound was perpendicular to the body of the deceased, with the cutting edge of the knife downward; and others putting said wound not over three inches below the top of the shoulder blade, and entering the body directly from behind. Witnesses for defendant put him in front of deceased, striking over his shoulder at the time the blow was struck, with the knife that produced the death of deceased, there being only one blow struck. While other of said witnesses put the defendant in different positions near the front and left side of deceased at the time the fatal blow was struck.

"With the record in this condition, I admitted the clothing worn by the deceased at the time he was stabbed in order to shed light upon the actual position occupied by defendant relative to deceased at the time he struck the fatal blow, and to enable the jury to locate, with accuracy, the wound as it was made on the body of deceased, and to enable them to pass upon the weight to be given to the testimony of the witnesses with respect to the matters mentioned above."

[3] From the authorities and the judge's qualification of the bill and from the testimony of the witnesses themselves, the clothes, although bloody, were admissible in evidence.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

See cases cited in 2 Branch's An. P. C. § 1855.

[4] Appellant has another bill complaining that the court erred in refusing to give his specially requested charge to the effect that they would not consider the demonstration made by counsel for the state in his closing argument in which demonstration the coat of deceased was placed upon one of the prosecuting attorneys, and it was demonstrated therefrom where the defendant might have struck deceased. The court in approving this bill also explains it. Appellant accepted the bill as explained and is bound thereby. We quote the judge's explanation:

"The state's witnesses testified that, at the time the deceased was stabbed by the defendant, the deceased was standing still with his back to the defendant, and that the defendant walked up behind him and stabbed deceased; and the clothes of deceased were admitted in evidence to enable the jury to determine the controversy which existed between the witnesses to where the deceased was stabbed, and during the argument and after said clothes had been admitted in evidence the matters complained of in the bill occurred. And during said demonstration the district attorney stood with his back to the jury and put the coat on, so that the same would be in the position that said coat would be when ordinarily worn by the deceased, and Mr. Hiner stated to the jury at the time that he made this demonstration, in order to show that the deceased could not have been facing the defendant at the time defendant stabbed him, as was testified to by some of defendant's witnesses, and in order to show as he claimed that the deceased was stabbed by the defendant while the defendant was directly behind the deceased. No objection was made to this proceeding at the time it occurred, and after the argument had closed and the court had delivered the indictment and charge to the jury, and while they were still within the bar of the court, the defendant presented the charge set out in the bill, which was refused because the court was of the opinion that the matter could not have injured the defendant and was entirely proper, and that if the defendant did not desire said demonstration to occur that he should have objected to the same at the time it was made."

This bill shows no error.

The judgment is affirmed.