JESSE D. MUSGROVE V. THE STATE.

No. 17496.   Delivered April 10, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*S. F. Hill,* of Houston, and *Cabe Bethea,* of Livingston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of spirituous liquor capable of producing intoxication; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was, in substance, as follows: A member of the grand jury of Polk County and a deputy sheriff of said county went to appellant's place and told him they wanted to buy some liquor. Appellant stated to them that he had any kind they wanted. The grand juror told him to give him the grade that sold for a dollar and a quarter a pint. He purchased two pints from appellant, paying two dollars and a half for it. The whisky was turned over to the sheriff.

Appellant did not testify in his own behalf, but introduced his wife and another whose testimony raised the issue of an alibi.

Appellant contends that the evidence is insufficient to show that the liquor in question was whisky. We quote the testimony of the sheriff as follows: "During the time in which I have been sheriff of this county I have had experience in the handling of intoxicating liquor. I have had in my possession at various times large quantities of whisky, spirituous liquor. I have examined liquor of that type frequently. At this time I believe that I would be in a position to distinguish between spirituous liquor and malt and vinous liquor. This is one of the bottles that were turned over to me by John Branch (referring to the grand juror). I have already testified to that. (At the request of Mr. Jones the witness poured some of the contents of the bottle into a tin cup.) This is spirituous liquor, whisky. (The bottle was thereupon handed to the jury by Mr. Jones for their examination). That is the same bottle that I have had in my possession since the 5th of June this year."

There is no testimnoy in the record raising the issue as to whether the liquor was whisky. We think the testimony of the sheriff and of the purchasers of said liquor sufficiently showed that it was whisky.

Bill of exception No. 7 recites that two deputy sheriffs, who testified as witnesses in the case, were permitted to remain in the courtroom notwithstanding the rule had been invoked. We find nothing in the bill negativing the fact that the services of said officers were necessary about the courtroom. The sheriff and his deputy or other officer of the court whose services are necessary about the courtroom may be excused from the rule.

Branch's Annotated Penal Code, sec. 348; Holmes v. State, 156 S. W., 1176. The bill of exception fails to reflect error.

It is shown in bill of exception No. 2 that the sheriff was permitted to smell the liquor and to testify that it was whisky. We see no error in this matter.

It is shown in bill of exception No. 3 that appellant asked the court to instruct a verdict of not guilty because the evidence showed that the sale of liquor was made in San Jacinto County and not in the county of the prosecution. The proof showed that the place of sale was within 175 yards of the boundary line between San Jacinto and Polk Counties. Art. 190, C. C. P., reads as follows: "An offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county." Art. 210, C. C. P., reads as follows: "In all cases mentioned in this chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts in the case, the county where such prosecution is carried on has jurisdiction." Both articles 190 and 210, supra, are found in Chap. 2 of Title 4 of the Code of Criminal Procedure. In the present case the indictment charged the offense to have been committed in Polk County, and, as already pointed out, the proof showed that it was within 175 yards of the boundary line between Polk and San Jacinto Counties. Manifestly, under the provisions of the statutes mentioned, the proof sustained the allegations of venue.

Bill of exception No. 4 recites that counsel for the State, in argument, used language as follows: "This defendant is not a small 'bootlegger' like one of these Saturday-night negroes with a pint of liquor to sell for fifty cents. He handles a variety of different brands of liquor down there."

We think the remarks of counsel were warranted by the evidence. According to the State's testimony, appellant told the purchasers that he had different brands of liquor. We are constrained to hold that the bill of exception fails to reflect error.

The judgment and sentence recite that appellant has been convicted of possessing intoxicating liquor for the purpose of sale. They are reformed in order that it may be shown that the conviction is for possessing for the purpose of sale spirituous liquor capable of producing intoxication.

As reformed, the judgement is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the appellant's motion for rehearing but are constrained to regard the disposition made of the case on the original hearing as proper.

The motion is overruled.

*Overruled.*