## MACK BARNES v. STATE.

No. 30,821. June 24, 1959.

*Enoch Fletcher,* Grand Saline, and *Robert C. Benavides,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery; the punishment, 50 years.

This is a companion case to that of Richard Frank Tunnell, Appellant v. The State of Texas, Cause No. 30,820, this day decided. (Page 358, this volume), 327 S.W. 2d 590. The facts in the two cases are substantially the same and, as set out in the opinion affirming the conviction of Tunnell, show that on the date alleged the appellant and his companion, Richard Frank Tunnell, entered the home of Cliff Kellam, the injured party, and did by assault and violence and by placing him in fear of death and serious bodily injury and by using and exhibiting

a pistol take from his possession the approximate sum of $1,291.00 in money.

Appellant predicates his appeal upon two contentions.

It is first contended that the court erred in excusing the sheriff and one of his deputies from the rule which was invoked as to the witnesses and permitting them to testify after they had remained in the courtroom.

Appellant relies upon Wilson v. State, 158 Texas Cr. Rep. 334, 255 S.W. 2d 520, where it was held that the court abused the discretion vested in him by Art. 645, V.A.C.C.P., in exempting a deputy sheriff from the rule. In the Wilson case the court certified in the bill of exception that the presence of the deputy sheriff in the courtroom was not necessary to the transaction of the court's business.

Appellant insists that because the bill of exception in the present case shows that there were two other deputies in the courtroom, one guarding the appellant and another acting as bailiff, and that a state ranger was in the courtroom one morning as a visitor, and there was a highway patrol office on the same floor of the courthouse, it was shown that the presence of the sheriff and his deputy in the courtroom was not necessary.

While such facts are shown in the bill we do not construe the bill as tantamount to a certification that the presence of the sheriff and his deputy in the courtroom was not necessary to the transaction of the court's business. The bill shows that the court did place one of the sheriff's deputies who testified in the case under the rule. The fact that other officers were present and in attendance upon court during the trial does not show that the presence of the sheriff and his deputy who were excused from the rule was not necessary to the transaction of the court's business. In the absence of such a showing no abuse of discretion is shown and the bill does not present error. Art. 645, V.A.C.C.P.; Musgrove v. State, 129 Texas Cr. Rep. 122, 83 S.W. 2d 683; Perry v. State, 160 Texas Cr. Rep. 8, 266 S.W. 2d 171, and Tunnell v. State, supra.

Appellant's remaining contention is that the court erred in giving an abstract charge to the jury as to what constituted a "deadly weapon." Appellant insists that the giving of such charge was reversible error because the matter of deadly weapon was not an issue in the case and the charge only tended to single

out and give emphasis to a fact damaging and prejudicial to him. In applying the law to the facts and submitting the issue of appellant's guilt to the jury, the court did not require the jury to find that appellant in committing the robbery used or exhibited a deadly weapon but only required them to find beyond a reasonable doubt that he used and exhibited a firearm to-wit: a pistol. While the court should not have included within the charge, over appellant's objection, the abstract definition of a deadly weapon, under the record, its inclusion therein does not appear to have been calculated to injure the rights of appellant; hence, no reversible error is shown. Art. 666, V.A.C.C.P.; Kleck v. State, 97 Texas Cr. Rep. 423, 263 S.W. 316.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.