RICHARD FRANK TUNNELL V. STATE.

No. 30,820. June 24, 1959
Motion for Rehearing' Overruled October 14, 1959.

*Enoch G. Fletcher,* Grand Saline, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery; the punishment, 99 years.

The state's evidence shows that on the night in question two men who were identified as the appellant and Mack Barnes entered the home of Cliff Kellam, the prosecuting witness. Both appellant and Barnes were wearing masks and carrying pistols and when they entered the house the prosecuting witness was talking over the telephone. Barnes told the prosecuting witness to "Keep talking, Keep talking" and later told him to pull the telephone from the wall and give him his money. In response to the demand, the prosecuting witness gave to Barnes a roll of money from each of his pockets in the approximate amount of $1291 and some checks, which represented money and checks

he had collected during the day on his route as a wholesaler of tobaccos and candy. While Barnes was obtaining the money from the prosecuting witness, the appellant, with a pistol in his hand, kept the prosecuting witness' wife, and two of his employees, in the kitchen, threatened her life, and also struck the mother of the prosecuting witness on the cheek with the pistol. After taking the money, appellant and Barnes then left the premises in the prosecuting witness' automobile and thereupon the prosecuting witness went to a neighbor's house and reported the robbery to the sheriff.

The state's testimony further shows that later in the night the prosecuting witness' automobile was found in a roadside park and the appellant and Barnes were seen riding in a 1955 Pontiac automobile, being driven by a man by the name of McCormick by a deputy sheriff who apprehended and arrested them. In the search of the automobile and the occupants which followed, the officers found in the automobile two masks, two pistols, a driver's license and some checks belonging to the injured party, and approximately $500 in money. In the search of the appellant and Barnes between $500 and $600 were found in their pockets.

Appellant did not testify.

The court submitted the issue of appellant's guilt to the jury under a charge on the law of principals and we find the evidence sufficient to sustain its verdict.

The record presents certain formal and informal bills of exception which shall be discussed.

By Bill of Exception No. 1 appellant complains of the court's action in overruling his motion to quash the indictment because it did not show presentment. The indictment, after naming the county, state and court in which the grand jury was organized and impaneled, alleged that "* * * THE GRAND JURORS * * * upon their oaths, present in and to said Court * * * ." The allegation was sufficient to show presentment into the court of the county where the grand jury was in session. 1 Branch's Ann. P. C. Sec. 491, page 477.

By Bill of Exception No. 2 appellant complains of the manner in which the prosecuting attorney examined the prospective jurors with reference to their beliefs in the death penalty as punishment in an armed robbery case and in his jury argument

reminding them of the answers they had made on their voir dire examination. No objection by appellant appears in the bill to the examination of the jurors or to the argument complained of; hence, nothing is presented for review.

Bill of Exception No. 3 complains of the action of the court in holding that appellant's amended motion for new trial was overruled by operation of law and his refusal to hear evidence thereon. The amended motion for new trial was filed December 31, 1958. Hearing on the motion was set for January 15, 1959 and on February 6, 1959 the motion was ordered overruled by operation of law and no evidence heard thereon. Under the record it appears that the amended motion for new trial was not determined by the court within 20 days after it was filed as required by Art. 755, V.A.C.C.P., and the trial court was correct in holding that the motion had been overruled by operation of law at the expiration of such period of time and refusing to hear evidence thereon. Brinkley v. State, 167 Texas Cr. Rep. 472, 320 S.W. 2d 855.

By Bill of Exception No. 4 appellant complains of the court's action in permitting the prosecuting witness, over the appellant's objection, to sit and confer with the prosecuting attorney at the counsel table during his examination of some of the prospective jurors. It is shown by the bill that the witness was permitted to sit with the prosecuting attorney during the examination of eight of the prospective jurors and that after two jurors were selected, upon the renewal of appellant's objection, the witness left the courtroom.

In Lott v. State, 123 Texas Cr. Rep. 591, 60 S.W. 2d 223, this court, in reversing a conviction for murder on other grounds, held that the court's action in permitting two officers of the corporation which employed the deceased to sit with the district attorney during the examination of the prospective jurors and advise regarding their selection on the jury did not call for a reversal of the conviction as against the contention that such was prejudicial to the accused.

There is nothing in the record in the present case which shows that the prosecuting witness, while seated at the counsel table with the district attorney, said or did anything to prejudice the appellant in the minds of the jurors. The bill is therefore overruled.

Appellant insists that the court erred in admitting the evi-

dence showing the search of the automobile and its occupants over his objection that it was obtained as the result of an illegal arrest and search. Appellant is in no position to complain of the search of the automobile as the evidence does not show that he owned the automobile but, on the contrary, shows that it was owned by either his companion Barnes or Barnes' wife. Barnes v. State, 161 Texas Cr. Rep. 510, 278 S.W. 2d 305, and Fields v. State, (page 76, this volume), 323 S.W. 2d 439. Nor is appellant in a position to complain of the search of the other occupants in the automobile as this is a right vested only in them. Hatfield v. State, 161 Texas Cr. Rep. 362, 276 S.W. 2d 829. The evidence shows that before the appellant and his companions were arrested by the deputy sheriff, the deputy had received information of the robbery and a description of the automobile in which the suspects were fleeing. This information was sufficient to warrant the arrest of appellant and his companion without a warrant. Art. 215, V.A.C.C.P.; Hatfield v. State, supra. The arrest being lawful, the search incident thereto was legal.

Appellant insists that the court erred in excusing the peace officers from the rule and in permitting those called by the state to testify after they had remained in the courtroom. Appellant relies upon Wilson v. State, 158 Texas Cr. Rep. 334, 255 S.W. 2d 520, where it was held that the trial judge abused his discretion in excusing a deputy sheriff from the rule. In the Wilson case it was certified by the court, in a formal bill of exception, that the presence of the officer in the courtroom was not necessary to the transaction of the court's business. Appellant's complaint to the court's action in the present case is not presented by a formal bill of exception but by certain informal bills of exception. The bills do not show that the presence of the peace officers was not necessary to the transaction of the court's business. The fact that only one deputy remained in the courtroom during a recess does not show that the presence of the other officers was not necessary during the trial. In the absence of such a showing, we would not be warranted in holding that the trial court abused his discretion in excluding the peace officers from the rule. Art. 645, V.A.C.C.P.; Musgrove v. State, 129 Texas Cr. Rep. 122, 83 S.W. 2d 683.

Appellant's remaining contentions have been considered and are overruled.

The judgment is affirmed.

Opinion approved by the Court.