James Otis HOLLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 35231.

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

Rehearing Denied April 3, 1963.

Second Rehearing Denied May 1, 1963.

Appellant represented himself.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

It having been shown that notice of appeal was given and entered of record as required by Art. 827, Vernon's Ann.C.C.P., our prior opinion dismissing the appeal is withdrawn and the appeal is reinstated.

The conviction, upon a prosecution originating in county court, was for speeding, in violation of Art. 827a, Vernon's Ann. P.C.; the punishment, a fine of $175.

The state's evidence shows that on the day in question three state highway patrolmen, Stewart Dowell, Richard Krause, and Wilbert Horstmann, were working as a team in the operation of a radar unit at a location on U. S. Highway 90A, approximately four miles east of Hallettsville in Lavaca County.

Patrolman Dowell testified that before any traffic moved through the radar unit on the day in question it was first set up on

the highway and checked for accuracy with a tuning fork, which would cause it to vibrate at sixty miles per hour, and also by driving a patrol car past the unit at sixty miles per hour, and that on such occasion the unit registered exactly sixty miles per hour. The officer testified that while the unit was in operation, appellant passed on the highway, driving a Pontiac automobile, and that the unit registered the speed of his automobile at seventy-six miles per hour and appellant was thereafter stopped by Patrolman Krause, who was in a "pickup car" down the highway. Officer Dowell further testified that where appellant was driving on the highway was in a maximum posted speed zone of sixty miles per hour, and expressed his opinion, independent of the radar findings, that appellant was traveling in excess of the legal speed limit.

Patrolman Krause, testifying as a witness for the state, corroborated Officer Dowell's testimony relative to his stopping appellant on the occasion in question, and also expressed his opinion, independent of the radar findings, that appellant was operating his automobile over the legal speed limit. Officer Krause further expressed his opinion that a speed of seventy-six miles per hour was not a reasonable and safe speed under the conditions then existing on the highway where appellant was driving.

Patrolman Horstmann testified that it was he who drove the patrol car past the radar unit at sixty miles per hour when it was first set up and tested for accuracy, and expressed his opinion that any speed in excess of sixty miles per hour at the point where appellant was driving on the highway was unreasonable and unsafe.

Testifying as a witness in his own behalf, appellant admitted that while it was possible he was driving over sixty miles per hour on the occasion in question, he did not know how fast he was driving and it did not appear that he was exceeding the speed limit. He further stated that the visibility was clear, that the road was good and it was dry, and that the speed he was traveling did not seem to be unsafe.

While the officer did testify that he checked the unit after the arrest and at the end of the test period, the result was inadvertently not shown. In this respect, the case falls slightly below the standard set forth in Wilson v. State, 328 S.W.2d 311, 168 Tex.Cr.R. 439. But we do have in t⁀ ; case, as we did not in Wilson, opinion testimony as to the excessive speed.

■ We find the evidence sufficient to sustain the conviction.

■ The record contains nine formal bills of exception. The bills were by the court refused, with the court's reasons noted thereon. Appellant filed no bystanders bills and took no further action in the matter. Under the record, the bills cannot be considered. Art. 760d, Vernon's Ann.C.C.P.; Thompson v. State, Tex.Cr.App., 339 S.W. 2d 209.

■ By informal bill of exception, appellant complains of the court's action in excusing the three highway patrolmen from the rule. The bill does not reflect that their presence in the courtroom was not necessary to the transaction of the court's business. In the absence of such a showing, no abuse of discretion is shown. No reversible error is presented by the bill. Barnes v. State, 168 Tex.Cr.R. 239, 325 S.W.2d 388.

The judgment is affirmed.

Opinion approved by the court.