**Mack BARNES, Petitioner,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 63–H–312.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 19, 1964.

The Petition was denied by this Court's Memorandum and Order filed May 3, 1963. Petitioner filed his Motion for Rehearing on May 13, 1963. As the Petition presents issues as to arrest and search and seizure without a warrant and upon probable cause, the Motion for Rehearing was granted November 7, 1963, for reconsideration in light of Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (Decided June 10, 1963). Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

In response to this Court's order of November 7, 1963, to show how and by what authority Petitioner is detained of his liberty, Respondent has produced the trial record. Included in this is the Transcript, the Statement of Facts, the indictment, the charge to the jury, the judgment of conviction, the sentence, the motion for new trial, and the judgment of affirmance.

The conviction challenged by Petitioner was in the state district court of Van Zandt County, Texas, for the offense of robbery with firearms which resulted in a sentence of fifty years imprisonment.

Petitioner alleges impropriety in his arraignment. It satisfies the Texas arraignment statutes, Articles 491, 492, 493, Vernon's Ann.Texas Code of Criminal Procedure, that arraignment take place before commencement of the trial proper although the jury has already been selected. Russell v. State, Tex.Cr.App., 206 S.W. 79. The arraignment required in Texas in capital cases consists of reading the indictment to the accused, fixing his identity, and hearing his plea thereto. Steen v. State of Texas, 92 Tex.Cr.R. 99, 242 S.W. 1047; Article 492, Texas Code of Criminal Procedure.

The Transcript at page 31 states:

"12/29/58 Defendant arraigned and pleads not guilty.

12/30/58 Jury having been duly selected and sworn and defendant pleads not guilty."

The Statement of Facts, page 2, reflects that Petitioner, on December 29, 1958, entered his plea of not guilty after

Mack Barnes, pro se.

Sam R. Wilson, Asst. Atty. Gen., of Texas, Houston, Tex., for respondent.

HANNAY, District Judge.

Petition for Writ of Habeas Corpus, Title 28, U.S.C.A., Section 2241 et seq., upon which leave to proceed in forma pauperis was heretofore granted.

the jury had been empaneled and sworn and the indictment read to the jury. This took place before the commencement of the trial proper. The foregoing is ample proof that the requirements of arraignment in Texas in a capital case were met in this case. The docket sheet, Transcript, page 31, reflects that the trial court appointed counsel on November 15, 1958. At the trial Petitioner was represented by two other counsel, apparently of his own selection, who also represented him on the appeal. Barnes v. State of Texas, 168 Tex.Cr.R. 239, 325 S.W.2d 388. The record shows no prejudice to Petitioner arising out of the arraignment proceedings and no federal question is presented on that aspect of the case.

The facts and circumstances surrounding the arrest of Petitioner and the search of his automobile were fully developed at the trial. Barnes v. State of Texas, supra; see also companion case of Tunnell v. State of Texas, 168 Tex.Cr.R. 358, 327 S.W.2d 590, 593. The issue here is whether the search and seizure in this case, the fruits of which were introduced into evidence at the trial, meet the federal standards of reasonableness and probable cause now guaranteed in state cases under the sweep of the XIVth Amendment. Ker v. State of California, supra.

On the night in question a robbery was reported to H. L. Sullivan, then a Deputy Sheriff of Van Zandt County, Texas, by the Chief of Police in the town of Van in that county. (Statement of Facts, hereafter S/F, page 78) The victim of the robbery himself called and reported that the wrongdoers were headed toward the town of Canton, the county seat. Sheriff Sullivan immediately drove by automobile to a highway intersection outside of Canton and received by radio a description of the suspect automobile. (S/F, page 79) Consistent with the alert, two automobiles shortly thereafter appeared on the highway. The second one appeared to fit the description that had been given of the suspect automobile. Deputy Sullivan followed the automobile. He determined that it fit the description which he had received except for one digit in the license number. While being thus followed, the suspect vehicle ran a stop sign at 45 miles per hour. (S/F, pages 81 and 96) Sullivan thereafter stopped the suspect car and instructed the driver to return to the Service Cafe in Canton. (S/F, pages 81–82) Petitioner was a passenger in this car. Returning to Canton, the suspect automobile passed through the town and did not stop at the Service Cafe and had to be told again to return there. (S/F, page 81) Sullivan was acting in compliance with the radioed request from Van that the suspect vehicle be held until an identification could be made. (S/F, pages 81–82) The suspects then turned around and stopped at a drive-in across from the Service Cafe. (S/F, page 82) The occupants of the car were acting suspiciously and Sullivan noticed a .380 automatic pistol lying on its floorboard. (S/F, page 82) He then radioed deputy Howard Heard for assistance. After deputy Heard arrived, the automobile and its three occupants were searched. Both officers were convinced by then that the apprehended suspects were in fact the wrongdoers. Another pistol, a .38 revolver, was found in the glove compartment. The search of the automobile revealed rubber masks, false faces, substantial amounts of money, a number of checks (some of which were made on the victim of the robbery), and the victim's old driver's license. (S/F, page 83)

The testimony of Deputy Sheriff Heard (S/F, pages 65–77) corroborates that of deputy Sullivan concerning the initial reports of the robbery. He too received a description of the suspect automobile, its license number, and its direction and high speed of travel. (S/F, pages 66–68)

In addition to the victim, the two men in Van from whom the alerting calls were received were identified at the trial and one of them testified at length. (S/F, pages 36–64, pages 142–184)

Deputy Heard further testified that he saw the suspicious paraphernalia— the hat, the rubber masks, the tape and

wire—before the final decision to search was made. (S/F, pages 189–190)

The principles which apply to the question at bar are stated in Ker v. State of California, supra, 374 U.S. at 34–35, 83 S.Ct. at 1630:

> "The evidence at issue, in order to be admissible, must be the product of a search incident to a lawful arrest, since the officers had no search warrant. The lawfulness of the arrest without warrant, in turn, must be based upon probable cause, which exists 'where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' Brinegar v. United States, 338 U.S. 160, 175–176 [69 S.Ct. 1302, 1311, 93 L.Ed. 1879] (1949), quoting from Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543] (1925); * * *"

 Here the searching officers were alerted to the commission of a robbery in the area and told, in effect, that the culprits were fleeing the scene in an automobile headed their way. A car fitting the description given was seen on the highway and the circumstances were those indicated by the alert. The driver acted suspiciously and evasively before and after the arrest. Before the search was conducted, a pistol and other suspicious paraphernalia were noticed on the interior of the car. The searching officers were acting under positive and reliable reports that a felony had been committed.

> " * * * The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony, * * *

> "The reason for arrest for misdemeanors without warrant at common law was promptly to suppress breaches of the peace (1 Stephen, History of Criminal Law, 193), while the reason for arrest without warrant on a reliable report of a felony was because the public safety and the due apprehension of criminals charged with heinous offenses required that such arrests should be made at once without warrant. (Rohan v. Sawin, 5 Cush. [Mass.] 281)." Carroll v. United States, 267 U.S. 132, 156–157, 45 S.Ct. 280, 286, 69 L.Ed. 543.

A search made without a warrant but incident to a valid and legal arrest does not, as an exception to the general rule, violate the IVth Amendment prohibition against unreasonable searches and seizures. United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653; United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59; Giordenello v. United States, 357 U.S. 480, 483, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

I find that the arrest in this case was legal and valid and that the search and seizure made incident thereto was supported by probable cause and was within the bounds of reasonableness as enjoined by the IVth Amendment and guaranteed by the XIVth Amendment of the United States Constitution. The ruling of the trial court on the admissibility of the objected-to evidence involved no violation of Petitioner's constitutional rights.

The Petition and the record present no federal question.

For the foregoing reasons, the Petition for Writ of Habeas Corpus should be, and it is hereby, denied.

The foregoing shall constitute findings of fact and conclusions of law. This is and constitutes the final judgment in this case.