Overton Harris CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40121.

Court of Criminal Appeals of Texas.

March 29, 1967.

Rehearing Denied May 24, 1967.

**658**

William C. McDonald (appointed counsel), San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The conviction is for the felony offense of drunk driving; the punishment, 5 years.

Two grounds of reversal are presented by appellant's brief.

█ The first relates to the sufficiency of the indictment, raised by motion to quash, the contention being that the indictment fails to disclose that it was presented in the district court of the county where the grand jury was in session, as required by Article 396 C.C.P., 1925, now Article 21.02 Vernon's Ann.C.C.P.

The indictment alleges, in the first paragraph:

"The Grand Jurors, duly selected, organized and impaneled as such for the County of Runnels, State of Texas, at the October term, A.D., 1965, of the 119th District Court for said County, upon their oaths present in and to said Court that on or about the 26th day of November, A.D., 1965, in the County and State aforesaid, and anterior to the presentment of this indictment Overton Harris

Casey did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a motor vehicle upon a public highway within said County and within said State."

These allegations are in the form suggested in Willson's Texas Criminal Forms, Seventh Edition, Sec. 14, p. 15, and meet the requirements of Art. 21.02 C.C.P. Tunnell v. State, 168 Tex.Cr.R. 358, 327 S.W.2d 590.

█ The second ground for reversal relates to the sufficiency of the evidence to sustain the conviction.

The undisputed evidence, including a stipulation between appellant and his counsel and counsel for the state, shows that appellant drove his pickup into the pickup which was parked in front of R. L. Carey's residence in Winters, Runnels County, Texas, and paid for the damage which amounted to $128.00.

The state's evidence shows that Mrs. Carey witnessed the collision and saw appellant as he drove from the scene and into the driveway at his home nearby. Mrs. Carey or her husband called the police and some ten minutes later Police Officer Milton Dillard found appellant slumped over the steering wheel of his pickup, in the driveway of his home.

Officer Dillard testified that he tried to talk to appellant but "he just kind of mumbled; wouldn't say anything to me * * *. He had his shirt unbuttoned and his trousers unbuttoned. He had on one tennis shoe * * * there was a scent of alcohol * * *." He testified that, based upon his observations of appellant's dress, his actions, the smell of alcohol, he formed the opinion that appellant was intoxicated * * * "He was just drunk."

Officer Dillard further testified that he asked to see appellant's driver's license and asked him to get out of the pickup but "He just sat there; wouldn't move." However,

when he went to the patrol car and reported where he was, appellant got out of the pick-up and started into the alley behind his house, and he caught and arrested him, and that appellant "took a swing at him" but "said nothing to make sense."

Chief of Police Joe Stephens, who went with Dillard to take appellant to the County Jail at Ballinger, testified that he formed the opinion that appellant was intoxicated, basing such opinion upon "his actions; his speech was slurred; he was unstable on his feet; and there was a strong smell of alcohol about him."

Highway Patrolman Kenneth Wilson, who saw appellant at the jail in Ballinger, gave similar testimony as to the basis of his opinion that appellant was intoxicated, and further testified:

"Q. And what was the nature of his walk?

"A. He staggered. We had to hold him up."

Officer Dillard testified that appellant was in his custody until he was delivered to Patrolman Wilson and that appellant did not drink or consume alcoholic beverage while his prisoner.

The prior conviction for the misdemeanor offense alleged in the indictment was proved by the testimony of a deputy county clerk and the original information, complaint and judgment.

The court charged on circumstantial evidence.

The hypothesis that appellant may have driven his pickup into his driveway before he became intoxicated does not appear to be a reasonable hypothesis such as referred to in the charge.

In view of the punishment assessed against the 73 year old appellant, we further note that at the hearing before the jury on the punishment to be assessed, evidence was introduced by the state to the effect that appellant had been convicted and given a 5 year suspended sentence for murder in 1961 upon an indictment drawn under Art. 802c Vernon's Ann.P.C.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.