NO. 07-08-0180-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

_____

ERIC JEROME MACK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1095388D; HONORABLE EVERETT YOUNG, JUDGE[1]
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Eric Jerome Mack, pled guilty in open court and was convicted of delivery

of a controlled substance, enhanced.[2]  Punishment was assessed by a jury at fifty-five

---

[1]Honorable Phillip Vick, Senior District Judge, sitting by assignment.  Tex. Gov't Code Ann. §§ 74.056 and 75.002(a)(3) (Vernon 2005).

[2]The indictment alleged the delivery of one gram or more, but less than four grams of cocaine.  As such the primary offense was a second degree felony.  *See* Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2003).  The indictment also alleged a prior felony conviction, making the offense punishable as a first degree felony.  *See* Tex. Penal Code Ann. §12.42(b) (Vernon Supp. 2008).

years confinement and a $10,000 fine. Appellant contends the trial court abused its discretion by: (1) admitting evidence of his gang affiliation during the punishment phase; and (2) failing to grant his motion to quash the venire panel because the trial court arraigned him at the conclusion of the State's *voir dire*. Originally appealed to the 2nd Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the 2nd Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3. We affirm.

## I. Gang Affiliation

Appellant asserts the trial court abused its discretion by admitting extraneous gang affiliation character evidence in the absence of sufficient evidence from which a rational factfinder could find beyond a reasonable doubt the gang affiliation evidence was true.

We review a trial court's ruling admitting testimony under an abuse of discretion standard; *McDonald v. State,* 179 S.W.3d 571, 576 (Tex.Crim.App. 2005), and will uphold the trial court's decision if it is at least within the zone of reasonable disagreement. *Page v.* State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006). *See Hernandez v. State*, 205 S.W.3d 555, 558 (Tex.App.--Amarillo 2006, pet. ref'd).

Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a non-capital case. *Sims v. State,*

2

273 S.W.3d 291, 295 (Tex.Crim.App. 2008). The current version of this provision allows for the admission of any evidence the trial court "deems relevant to sentencing" and provides, in pertinent part, as follows:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008).

Testimony regarding a defendant's affiliation with a gang may be relevant and admissible at the punishment stage of a trial to show the character of the accused. *See Beasley v. State*, 902 S.W.2d 452, 456 (Tex.Crim.App. 1995); *Anderson v. State*, 901 S.W.2d 946, 950 (Tex.Crim.App. 1995).[3] In *Beasley*, the Court held that it is not necessary to link the accused to the bad acts or misconduct generally engaged in by gang members, so long as the factfinder is (1) provided with evidence of the defendant's gang membership, (2) provided with evidence of character and reputation of gang, (3) not required to determine if defendant committed the bad acts or misconduct, and (4) only asked to consider reputation or character of the accused. *Beasley*, 902 S.W.2d at 457. *See Sierra v. State*, 266 S.W.3d

---

[3]In order for gang affiliation evidence to be relevant, the State must show (1) proof of the group's violent and illegal activities, and (2) the defendant's membership in the organization. *Mason v. State*, 905 S.W.2d 570, 577 (Tex.Crim.App. 1995).

3

72, 77 (Tex.App.–Houston [1st Dist.] 2008, no pet.); *Dean v. State,* Nos. 02-07-0287-CR, 02-07-0288-CR, 02-07-0289-CR, 2008 WL 4831390, at *4 (Tex.App.–Fort Worth Nov. 6, 2008, pet. ref'd) (not designated for publication). The evidence must also show the purpose of the gang to which the defendant belongs so that the factfinder can conclude whether membership in the gang is a positive or negative character trait of the defendant. *See Anderson*, 901 S.W.2d at 950.

At trial, Officer Glen Gibson, City of Grand Prairie, testified that, in March 1997, he arrested Appellant. In subsequent encounters, Officer Gibson testified Appellant admitted he was a member of the 23rd Blood Gang. He further testified that he was familiar with the gang because they operated in his jurisdiction and engaged in criminal activity such as narcotics, drive-by shootings, robberies, and car-jackings.[4]

Appellant testified he told Officer Gibson that he hung with the Bloods–not that he was a member. Further into his testimony, however, Appellant admitted wearing a t-shirt in jail that represented he was a California Blood member and responded affirmatively when asked if he was a Blood gang member during a jail classification interview in July 2006.[5]

---

[4]Officer Gibson also testified Appellant was not in custody when he made the admissions and the admissions were given freely and voluntarily.

[5]At trial, Appellant testified as follows:

Q. Do you recall on July 7th, 2006, that when you were asked if you were a member of a street gang, you said you were an ex 23rd Street Blood and you signed off on that, correct?
A. I used to hang with.
Q. Wait a minute, you signed off that you were an ex 23rd Street Blood; is that correct?
A. Yes. They had me in the system as a Blood, so I told them yes. I didn't lie about it.

4

Under *Beasley* and *Anderson*, the State met the evidentiary predicate for admission of evidence of Appellant's gang affiliation and the jury determined whether the State's level of proof was sufficient.[6] Accordingly, we find that the trial court did not abuse its discretion in admitting evidence of Appellant's gang membership. *See Pierce v. United States*, 234 S.W.3d 265, 272 (Tex.App.–Waco 2007, pet. ref'd). Appellant's first point of error is overruled.

## II. Arraignment

The Texas Code of Criminal Procedure provides that, after indictment, there shall be an arraignment in all felony cases and misdemeanor cases punishable by imprisonment. Tex. Code Crim. Proc. Ann. art. 26.01 (Vernon 2009).[7] Although the Code does not set any outside limit for the time of arraignment, the Court of Criminal Appeals has uniformly held that, while it is proper to arraign an accused before the jury is selected, the fact that it was done after the jury was sworn and impaneled presents no error. *Thompson v. State,* 447 S.W.2d 920, 922 (Tex.Crim.App. 1969); *Russell v. State*, 206 S.W. 79, 79 (Tex.Crim.App. 1918). *See Barnes v. Beto*, 247 F. Supp. 435, 436 (D.C. Tex. 1964), *aff'd*, 353 F.2d 208 (5th

---

[6]The trial court determines the threshold issue of the admissibility of relevant evidence during the punishment phase while the jury determines whether the burden of proof has been satisfied by the party offering the evidence. *See Sierra*, 266 S.W.3d at 79 (citing *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App. 1996). Here, after admitting the evidence of Appellant's gang membership, the trial court properly instructed the jury it could not consider *any* evidence of an alleged extraneous crime or bad act unless the State had proven Appellant had committed the act "beyond a reasonable doubt." *See Hulzar v. State*, 12 S.W.3d 479, 480-81 (Tex.Crim.App. 2000) (holding that, if extraneous evidence is offered during the punishment phase, the trial court must *sua sponte* provide a reasonable doubt instruction).

[7]The purpose of an arraignment is to fix the accused's identity and hear his or her plea. Tex. Code Crim. Proc. Ann. art. 26.02 (Vernon 2009).

5

C ir. 1965), *cert. denied*, 383 U.S. 920, 86 S.Ct. 918, 15 L.Ed.2d 675 (1966). Here, Appellant was arraigned outside the presence of the jury *prior to* the jury being sworn and impaneled. Further, Appellant makes no showing that he was prejudiced thereby. Accordingly, we find the trial court did not abuse its discretion by denying Appellant's motion to quash. Appellant's second point of error is overruled.

## Conclusion

_____The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6