NO. 07-08-0180-CR 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

______________________________


ERIC JEROME MACK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1095388D; HONORABLE EVERETT YOUNG, JUDGE



_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Eric Jerome Mack, pled guilty in open court and was convicted of delivery
of a controlled substance, enhanced.


 Punishment was assessed by a jury at fifty-five
years confinement and a $10,000 fine. Appellant contends the trial court abused its
discretion by: (1) admitting evidence of his gang affiliation during the punishment phase;
and (2) failing to grant his motion to quash the venire panel because the trial court
arraigned him at the conclusion of the State’s voir dire. Originally appealed to the 2nd Court
of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant
to its docket equalization efforts. See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005). We
are unaware of any conflict between precedent of the 2nd Court of Appeals and that of this
Court on any relevant issue. See Tex. R. App. P. 41.3. We affirm.
          I.        Gang Affiliation
          Appellant asserts the trial court abused its discretion by admitting extraneous gang
affiliation character evidence in the absence of sufficient evidence from which a rational
factfinder could find beyond a reasonable doubt the gang affiliation evidence was true.
          We review a trial court’s ruling admitting testimony under an abuse of discretion
standard; McDonald v. State, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005), and will uphold
the trial court’s decision if it is at least within the zone of reasonable disagreement. Page
v. State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006). See Hernandez v. State, 205 S.W.3d
555, 558 (Tex.App.--Amarillo 2006, pet. ref’d). 
           Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the
admissibility of evidence during the punishment phase of a non-capital case. Sims v. State,
273 S.W.3d 291, 295 (Tex.Crim.App. 2008). The current version of this provision allows for
the admission of any evidence the trial court “deems relevant to sentencing” and provides,
in pertinent part, as follows:
Regardless of the plea and whether the punishment be assessed by the judge
or the jury, evidence may be offered by the state and the defendant as to any
matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, . . . and, notwithstanding Rules 404 and 405,
Texas Rules of Evidence, any other evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act. 
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008).
 
           Testimony regarding a defendant’s affiliation with a gang may be relevant and
admissible at the punishment stage of a trial to show the character of the accused. See
Beasley v. State, 902 S.W.2d 452, 456 (Tex.Crim.App. 1995); Anderson v. State, 901
S.W.2d 946, 950 (Tex.Crim.App. 1995).


 In Beasley, the Court held that it is not necessary
to link the accused to the bad acts or misconduct generally engaged in by gang members,
so long as the factfinder is (1) provided with evidence of the defendant’s gang membership,
(2) provided with evidence of character and reputation of gang, (3) not required to determine
if defendant committed the bad acts or misconduct, and (4) only asked to consider reputation
or character of the accused. Beasley, 902 S.W.2d at 457. See Sierra v. State, 266 S.W.3d
72, 77 (Tex.App.–Houston [1st Dist.] 2008, no pet.); Dean v. State, Nos. 02-07-0287-CR, 02-07-0288-CR, 02-07-0289-CR, 2008 WL 4831390, at *4 (Tex.App.–Fort Worth Nov. 6, 2008,
pet. ref’d) (not designated for publication). The evidence must also show the purpose of the
gang to which the defendant belongs so that the factfinder can conclude whether
membership in the gang is a positive or negative character trait of the defendant. See
Anderson, 901 S.W.2d at 950. 
           At trial, Officer Glen Gibson, City of Grand Prairie, testified that, in March 1997, he
arrested Appellant. In subsequent encounters, Officer Gibson testified Appellant admitted
he was a member of the 23rd Blood Gang. He further testified that he was familiar with the
gang because they operated in his jurisdiction and engaged in criminal activity such as
narcotics, drive-by shootings, robberies, and car-jackings.


 
           Appellant testified he told Officer Gibson that he hung with the Bloods–not that he was
a member. Further into his testimony, however, Appellant admitted wearing a t-shirt in jail
that represented he was a California Blood member and responded affirmatively when asked
if he was a Blood gang member during a jail classification interview in July 2006.


 
           Under Beasley and Anderson, the State met the evidentiary predicate for admission
of evidence of Appellant’s gang affiliation and the jury determined whether the State’s level
of proof was sufficient.


 Accordingly, we find that the trial court did not abuse its discretion
in admitting evidence of Appellant’s gang membership. See Pierce v. United States, 234
S.W.3d 265, 272 (Tex.App.–Waco 2007, pet. ref’d). Appellant’s first point of error is
overruled.
           II.        Arraignment
           The Texas Code of Criminal Procedure provides that, after indictment, there shall be
an arraignment in all felony cases and misdemeanor cases punishable by imprisonment. 
Tex. Code Crim. Proc. Ann. art. 26.01 (Vernon 2009).


 Although the Code does not set any
outside limit for the time of arraignment, the Court of Criminal Appeals has uniformly held
that, while it is proper to arraign an accused before the jury is selected, the fact that it was
done after the jury was sworn and impaneled presents no error. Thompson v. State, 447
S.W.2d 920, 922 (Tex.Crim.App. 1969); Russell v. State, 206 S.W. 79, 79 (Tex.Crim.App.
1918). See Barnes v. Beto, 247 F. Supp. 435, 436 (D.C. Tex. 1964), aff’d, 353 F.2d 208 (5th
C ir. 1965), cert. denied, 383 U.S. 920, 86 S.Ct. 918, 15 L.Ed.2d 675 (1966). Here, Appellant
was arraigned outside the presence of the jury prior to the jury being sworn and impaneled. 
Further, Appellant makes no showing that he was prejudiced thereby. Accordingly, we find
the trial court did not abuse its discretion by denying Appellant’s motion to quash. 
Appellant’s second point of error is overruled. 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle 

                                                                                  Justice 

     

Do not publish.