## GERTRUDE ALICE GRIMES V. STATE

No. 33,478.  May 31, 1961
Motion for Rehearing Overruled October 11, 1961

*M. Gabriel Nahas,* and *W. E. Martin,* both of Houston (on appeal only) for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Thomas C. Dunn,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, seven years.

Appellant and deceased spent ten turbulent years in marriage prior to the homicide. Deceased had during that time assaulted appellant on repeated occasions, and there had been temporary separations. On the day of the shooting, deceased was entertaining a number of his friends with a poker game and beer drinking in his home. Appellant was not participating in the game but was present in the room where it was in progress. Profane language passed between the two of them relating, among other things, to deceased's infidelity with one Maxine, and deceased slapped and hit appellant and resumed his seat at the poker table. Sometime thereafter, appellant went to the rear of the house, secured a rifle, shot and killed deceased.

Out of an abundance of caution, the careful trial court charged on the law of self defense, and we find the evidence sufficient to support the jury's verdict.

The sole question presented for review is the refusal of the court to hear evidence in support of appellant's amended motion for new trial.

We have concluded that no abuse of discretion is shown because he qualified the bill of exception with this certificate:

"At the time the Motion to hear evidence on Defendant's First Amended Motion for New Trial was presented to the Court, the attorney for the State objected to hearing evidence thereon on the grounds that Defendant's First Amended Motion for New Trial had been overruled by operation of law some nine days previously to said time, and the Court sustained said objection and so found that Defendant's First Amended Motion for New Trial had already been overruled by operation of law, and therefore refused to hear evidence in support of said motion, *and this Court does not certify that he was ever requested to set for hearing the First Amended Motion for New Trial during the twenty-day period of time following its filing.*"

Instead of preparing a bystanders' bill, as is required by Article 760d, V.A.C.C.P., as amended in 1959, appellant agreed to the qualification. Under Article 755, V.A.C.C.P., and the holding of this Court in Mahan v. State, 288 S.W. 2d 508; De Hay v. State, 294 S.W. 2d 401; Barton v. State, 310 S.W. 2d 90; Obarts v. State, 320 S.W. 2d 816; Torrez v. State, 320 S.W. 2d 817; Brantley v. State, 320 S.W. 2d 825; and Brinkley v. State, 320 S.W. 2d 855, the motion was overruled by operation of law. Appellant's attorney should have taken more affirmative steps than merely going to the judge's chambers on Saturday, as he swears he did, in order to get a hearing on his motion.

Be this as it may, we have considered the affidavits attached to the motion for new trial and fail to find that they alleged sufficient facts to require the trial court to hold a hearing. We find no suppression of evidence, as is alleged by appellant. In his affidavit attached to the motion, the witness Black swore that he told the prosecutor that he did not know whether or not appellant knew of the presence of the pistol in the automobile on the prior occasion in question, and so his testimony at the

trial that he had gone riding with appellant when she had a pistol in the automobile, or the fact that the witness may have refreshed his memory since he talked to the prosecutor and since he testified, would not constitute a misstatement or concealment of a material defensive fact, as is denounced by the Supreme Court of the United States in Alcorta v. Texas, 355 U. S. 28, 2 L. ed. 2d 9, 78 S. Ct. 103.

The affidavits as to jury misconduct were clearly not sufficient to require a hearing.

Finding no reversible error, the judgment of the trial court is affirmed.