OLLIE POLK v. STATE

No. 34,445. April 4, 1962

No attorney for appellant of record on appeal.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, Carol S.*

*Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is unlawfully carrying a pistol; the punishment, 180 days in jail.

Evidence adduced upon the trial below is before this Court by an agreed statement of facts in narrative form.

Officer T. J. Karalis, of the Houston Police Department, testified that on the night of November 5, 1960, while on routine patrol, he stopped at the Rose Kitchen, located in the City of Houston; that he observed appellant "staggering" in his walk and upon engaging appellant in conversation, noticed that he talked with a "thick tongue"; that appellant's breath smelled of alcohol; that in his opinion appellant was at such time drunk; that he placed appellant under arrest and a search of his person revealed a .38 caliber "snub nose" revolver in his trouser pocket.

Appellant, testifying as a witness in his own behalf, stated that the pistol had been stored at a friend's house for some two months prior to his arrest; that on the night in question, he picked up the pistol and was on his way home when he noticed a woman acquaintance in a tavern which he passed; that he went inside and was drinking a coke when arrested. He further stated that he didn't display the pistol to anyone, but kept it concealed in his pocket.

The jury resolved the issue of appellant's guilt in favor of the State and we find the evidence sufficient to sustain their verdict.

The record before us contains no formal bills of exception and there are no objections to the court's charge.

Appellant first contends that his arrest was illegal. An examination of the record reveals that no objection was lodged by appellant which would raise the question of legality of the arrest.

He next complains of the overruling of his motion for new trial in which he alleged jury misconduct and misconduct of the State's witness, Karalis, in communicating with a member of the jury. The motion for new trial is but a pleading and as such must be supported by proof. The record does not contain a state-

ment of facts of any evidence adduced upon the hearing of the motion; in the absence thereof, appellant's complaint is not properly before us for review. Art. 760e, V.A.C.C.P.; Lucas vs. State, 216 S.W. 2d 820; Rogers vs. State, 161 Texas Cr. Rep. 536, 279 S.W. 2d 97 and Crownover vs. State, 162 Texas Cr. Rep. 470, 286 S.W. 2d 624.

No reversible error appearing, the judgment is affirmed.