Santos L. MENJARES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43041.

Court of Criminal Appeals of Texas.

July 22, 1970.

Tracy & Cook, by Thomas W. Cook, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 62 P.C. by a prior conviction for burglary, 12 years.

Represented by counsel of his choice, appellant entered a plea of not guilty. A jury found him guilty and, at the punish-

ment hearing, found that he had been previously convicted of the offense of burglary as charged in the indictment.

The evidence offered by the state includes the following.

C. J. Simpson closed his radio and T.V. place of business, located in Bexar County, between 9 and 10 P.M. on September 9, 1968. About 1:30 A.M. on September 10, 1968, the burglar alarm in the place of business sounded and a man was seen running from the T.V. Shop carrying a T.V. set.

Police Officer Robert Hayden, patrolling in the area, heard the alarm and being informed by a witness that he had seen a man carrying a T.V. set, began a search for him.

In looking for the man, Officer Hayden saw him " * * * up ahead of me with my car lights * * * about a hundred feet." Officer Hayden further testified:

"Q. * * * Did you notice anything particularly about the man or anything at that time?

"A. Yes, sir, he had the television set in his hand and was putting it down on the ground.

"Q. What did he do after he put the T.V. on the ground?

"A. He straightened up and started walking away.

"Q. All right, sir. Let me ask you whether or not you arrested the man.

"A. Yes, sir, I did.

"Q. Immediately at the time of the making of the arrest, let me ask you whether or not the defendant made any explanation as to the T.V. set?

"A. No, sir, none whatever."

The television set recovered was offered in evidence and was identified as the television set which appellant had in his hand and which Officer Hayden saw him putting down on the ground; and was identified by C. J. Simpson as the television set that was missing from his Radio and T.V. Store.

A large plate glass window in the front of the building was completely broken out, "just leaving jagged edges." Some of the glass had blood on it; there were "splashes of blood" on the television set and appellant had a cut on his right thumb.

Appellant testified and called a witness who testified that she heard the alarm and saw two men running with a large box. Neither of the two men was the appellant.

Appellant testified that it was not true that he had a cut on his hand; that the officers saw him drunk and picked him up or that he heard one of them say "we found the T.V. set." He testified that he knew nothing about the burglary.

The prior conviction alleged in the indictment was proved at the hearing on punishment.

The court charged the jury on the law of principals and circumstantial evidence.

■ Ground of error No. 1 complains that the court erred in instructing the jury on the law of principals.

The record reflects no objections to the court's charge and no requested charges that were denied.

In view of the testimony that two persons other than appellant were seen carrying a large box, which could have been the T.V. set taken from the burglarized premises, the charge on the law of principals was not inappropriate.

The ground of error is overruled.

■ Ground of error No. 2 complains that the state failed to prove the burglary of a "house".

While the burglarized premises was referred to in the evidence as a "store"; as

"Simpson's T.V." and as "a place of business," it was also referred to as "a building" with four doors that were closed and locked and there was testimony that both the doors and the large plate glass window were secured with a burglar alarm system.

■ Ground of error No. 2 is overruled, as is ground of error No. 3 which complains that the evidence as a whole is insufficient to sustain the conviction.

Ground of error No. 4 complains that the court erred in allowing the state to introduce evidence of a prior conviction.

Trial was on April 7 and 8, 1969.

■ On cross-examination appellant was asked if he was the same person previously convicted of burglary in 1964. Such evidence was admissible for impeachment purposes. Taylor v. State, 163 Tex.Cr.R. 42, 288 S.W.2d 516; Mitchell v. State, Tex. Cr.App., 436 S.W.2d 539, and cases cited.

■ Ground of error No. 5, set forth by appellant's court appointed counsel on appeal at the special instance of appellant, presents the contention that appellant was denied the effective assistance of counsel in violation of his rights under the 14th and 6th Amendments to the Constitution of the United States.

To agree with the contention that appellant's retained trial counsel of long experience in the defense of criminal cases failed to render effective assistance would require a judgment based on hindsight from a record which reflects no complaint against said counsel prior to the day sentence was pronounced.

The record does not support the contention that appellant's representation during the trial was so inadequate as to make the trial a mockery of justice.

Ground of error No. 5 is overruled.

■ The remaining ground of error complains that the court abused its discretion in failing to hear appellant's motion for new trial on the 3rd day of June, 1969.

Judgment was rendered on the jury's verdict on April 8, 1969. Motion for new trial signed and sworn to by appellant and signed by his retained trial counsel was filed April 17, 1969. Sentence pronounced June 3, 1969, recites "Defendant's Motion for New Trial heretofore filed on April 17, 1969, having been overruled by operation of law * * * ."

Art. 40.05 V.A.C.C.P. provides that a motion for new trial shall be filed within ten days after conviction, as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion and shall be determined by the court within twenty days after filing of the original or amended motion.

No amended motion for new trial was filed and the time for filing an amended motion was not extended by the court for good cause shown.

The record on appeal, filed in this court April 8, 1970, is silent as to any matters appellant sought to raise or have his counsel raise by motion for new trial on June 3, 1969, and no motion for new trial other than that filed more than twenty days prior to June 3, 1969, appears in the record.

Ground of error No. 6 is overruled.

No error appearing, the judgment is affirmed.