**Jesse MACKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44934.**

Court of Criminal Appeals of Texas.

May 9, 1972.

Rehearing Denied June 21, 1972.

Gray, Aaron & Dorsey, by Melvin Gray, San Angelo, for appellant.

Ed Paynter, Dist. Atty., Sam Moore, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for murder; the punishment, life imprisonment.

The sufficiency of the evidence, which is not challenged, shows that the appellant shot Lee Roy Myrick with a pistol in a motel room where the appellant, the deceased and others were having a drinking party. Myrick's death was almost instantaneous. The appellant's defense of an accidental shooting was submitted to the jury and resolved against him by its verdict.

The appellant's first ground of error alleges that the district attorney failed to produce the murder weapon prior to trial for inspection by appellant's attorney and a ballistics expert, thereby denying the appellant the right to prepare his defense.

During a pretrial hearing the appellant's counsel and the district attorney

told the court that they would mutually agree upon a time to go to Austin to inspect the murder weapon. The record does not reveal that the district attorney refused to permit inspection of the weapon. No attempt is shown to have been made by the appellant's counsel to inspect the weapon or to have it inspected and tested by a ballistics expert. We find nothing in the record to show that appellant's counsel was misled as he claims in his brief. This ground of error is overruled.

 The appellant's ground of error number two, relating to the loss of a photograph after it had been introduced into evidence, and ground of error number four, complaining of the method in which the jury was polled,[1] cannot be reviewed. These grounds of error rely upon allegations made in appellant's motion for new trial and affidavits attached thereto. The record does not show that the motion for new trial nor the affidavits were presented to or ruled upon by the trial court, therefore, nothing is presented for review. Howard v. State, 383 S.W.2d 597 (Tex.Cr.App. 1964). We cannot consider these instruments which were merely filed and are in the record. Allegations in a motion for new trial must be proved; the allegations are not proof of the facts alleged. Vaughn v. State, 456 S.W.2d 141 (Tex.Cr.App. 1970); Brown v. State, 402 S.W.2d 168 (Tex.Cr.App.1966); Hart v. State, 393 S.W.2d 916 (Tex.Cr.App.1965); Yarbrough v. State, 384 S.W.2d 705 (Tex.Cr.App. 1964); Polk v. State, 172 Tex.Cr.R. 211, 355 S.W.2d 712 (Tex.Cr.App.1962); Siddall v. State, 171 Tex.Cr.R. 363, 350 S.W. 2d 555 (Tex.Cr.App.1961).

 The appellant's third ground of error complains of certain closing argument made by the prosecutor. The jury arguments were not reported and are not in the record. The appellant filed a formal bill of exception complaining of the prosecutor's argument. The argument complained of as set forth in the bill is "In effect that he [the district attorney] should not mention it that it was outside of the record, but he was going to mention it anyway that defense counsel had inferred that in the panel examination that the deceased was a dope pusher and that there had been no proof or substance from this but this was in an effort to cover up." The appellant's bill of exception was qualified by the trial court as being invited argument and further, the court sustained an objection to the argument at the time it was made but refused to grant a mistrial. We perceive no error. See Denham v. State, 428 S.W. 2d 814 (Tex.Cr.App.1968) and Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816 (Tex.Cr.App.1956). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The record reveals that the jury was polled and no objection was made at that time as to the method used.