Jerry DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50771.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

Michael L. McLeaish, Odessa, for appellant.

John H. Green, Dist. Atty., and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for rape. The trial court accepted appellant's plea of guilty on July 12, 1974, after properly admonishing him in accordance with Art. 26.13, V.A.C.C.P. Appellant judicially confessed to the offense of rape. The court assessed punishment at fifteen years.

■ In his first ground of error, appellant complains of the representation accorded him at the entering of his guilty plea. In support of this ground of error, he relies entirely upon the evidence produced at a hearing held September 16, 1974, approxi-

mately two months after the filing of his motion for new trial and long in excess of twenty days from such filing. If the hearing was upon that motion, it was unauthorized and cannot be considered by us. *Morgan v. State*, Tex.Cr.App., 519 S.W.2d 449; *Boykin v. State*, Tex.Cr.App., 516 S.W.2d 946. If unrelated to the motion for new trial, it is not urged upon what ground it would have been authorized as part of the proceedings in the instant cause at a date some two months after pronouncement of sentence,[1] and we are aware of no authority for a hearing such as was held in this case. See *McCall v. State*, Tex.Cr.App., 512 S.W.2d 334. With no predicate in the record to support appellant's contention, we are compelled to overrule the ground of error.

■ The second ground of error raises the issue of effective assistance of counsel. In support of this ground of error, the appellant vaguely avers as follows: "Appellant's conviction was a mockery of justice and a mere sham, as reflected by the entirety of the record." He provides no example of any alleged incompetence by his court-appointed attorney, nor does he refer us to any portion of the record. Nothing is presented for review. Art. 40.09(9), V.A.C.C.P.; see *Hurd v. State*, Tex.Cr.App., 513 S.W.2d 936; *Arivette v. State*, Tex.Cr.App., 513 S.W.2d 857. In addition, the record reflects no irregularity that we might review in the interest of justice, Art. 40.09(13), V.A.C.C.P. The second ground of error is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.

1. Appellant's proper course of action would be to pursue whatever collateral remedies are available.

ONION, Presiding Judge (concurring in part and dissenting in part).

I concur in the result reached, but would state my own reasons for disposing of ground of error # 1. In this ground of error appellant complains he "was denied the right to legal counsel at the entering of his guilty plea on June 24, 1974." In his brief he urges that counsel who represented him was neither retained nor court-appointed. The record reflects that the guilty plea was entered on July 12, 1974, not June 24, as asserted by the appellant. The record reflects that counsel was appointed on July 12, 1974, on the same date appellant executed a pauper's oath. Appellant does not raise a question of the failure to execute a written waiver of the ten days' preparation period (see Article 26.04(b), Vernon's Ann.C.C.P.), but urges that at the time counsel was advising and representing him he had not been formally appointed. The file mark on the order appointing counsel dated July 12, 1974, did not reflect the time of day the order was entered. Even if the order was actually signed and entered after the entry of the guilty plea, I cannot conclude that reversible error is reflected because the trial court permitted the trial to proceed knowing that the appellant was represented by appointed counsel. Therefore, on the record that everyone agrees is before us, I would overrule appellant's first ground of error.

Unlike the majority, I would not hesitate to consider the testimony developed at the hearing in the trial court while it still had jurisdiction of the case. See Article 40.09, Vernon's Ann.C.C.P. While the majority may be technically correct, *if* the hearing was on motion for new trial filed two months earlier,[1] I think we spin judicial

1. It is noted that the appellant waived the time in which to file a motion for new trial and accepted sentence. The motion for new trial, subsequently without the sentence being withdrawn, was never acted upon by the court. The record does not reflect that the hearing was upon such motion for new trial or that the complaint now raised on appeal was the basis of such motion. The difficulty with the instant case is that it is not clear just why the court proceeded with the proceeding or upon what motion, oral or written, precipitated the hearing.

wheels unnecessarily when the majority suggests that the appellant go back to the trial court for possible collateral attack upon the conviction relating to the effective assistance of counsel in order to bring back to this court the very same testimony which is now in the record before us. It is observed that the trial court has jurisdiction to conduct a hearing to correct the record, see Article 40.09, Sec. 7, supra, and may hear oral arguments and decide from the arguments and briefs filed whether to grant a new trial. See Article 40.09, Secs. 11 and 12, supra. Further, this court has on occasion remanded a cause on appeal to the trial court so that claims of ineffective assistance of counsel, denial of due process and other constitutional claims could be resolved by a hearing conducted in the trial court. We have subsequently considered the testimony in such hearings in disposing of the grounds of error on appeal. See, i. e., *Kincaid v. State*, 500 S.W.2d 487 (Tex.Cr. App.1973); *Hullum v. State*, 415 S.W.2d 192 (Tex.Cr.App.1967). It seems a bit ridiculous that we can consider testimony under these circumstances and not the testimony developed at the hearing in the instant case where the constitutional issue of effective assistance of counsel is involved. The lack of finality of a criminal judgment is an ever increasing problem for the courts of this country, and our procedures should be flexible enough to put to rest questions raised on appeal once and for all rather than relying upon procedural technicalities relating to motions for new trials to sidestep questions while suggesting the questions can be raised again by collateral attack which will again consume the time of the trial court and of this court at great and additional expense to the taxpayers where the appellants are indigent. No judicial economy is here involved.

For the reasons stated above, I have examined the testimony developed at the hearing in question. Appointed counsel testified he was notified of his appointment by a detective or someone in the district attorney's office and went to talk to the appellant in a jury room of the district court. At the time of his advice to the appellant and at the time he had the appellant sign certain waivers in connection with the guilty plea, he assumed he had been appointed or would be appointed, particularly after the appellant signed his affidavit of indigency. He did not know if the court had ever entered a formal order of appointment. The trial judge testified he had appointed counsel in question to represent the appellant and had signed the formal order of appointment prior to the case being called, although counsel may have talked with appellant prior to the entry of the formal order.

Nothing in this testimony calls for a different result than would or should be reached regarding the first ground of error on the other parts of the record. I would consider the same and dispose of appellant's ground on all of the record before us. For the reasons stated, I concur in the result but would dissent to the reasoning of the majority in the first ground of error.