**Fred Lee BREWER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59923 to 59925.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 31, 1979.

Gerald A. Woolf, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Attempted appeals are taken from three final judgments forfeiting appearance bonds.

In Cause No. 59,923, the appellant was a surety on an appearance bond for Charles Sweeney in the amount of $10,000. A judgment nisi forfeiting the bond was entered in the 209th District Court of Harris County. A final judgment was entered against Charles Sweeney as principal and Fred Lee Brewer as surety on May 10, 1978.

In Cause No. 59,924, the appellant was a surety on an appearance bond for Charles Sweeney in the amount of $20,000. A judgment nisi forfeiting the bond was entered in the 209th District Court of Harris County. A final judgment was entered against Charles Sweeney as principal and Fred Lee Brewer as surety on May 10, 1978.

In Cause No. 59,925, the appellant was a surety on a bond for Charles Sweeney in the amount of $5,000. A judgment nisi forfeiting the bond was entered in the

209th District Court of Harris County. A final judgment was entered against Charles Sweeney as principal and Fred Lee Brewer as surety on May 10, 1978.

The judgments in each case were entered on May 10, 1978. In each case the appellant filed a motion for new trial on May 19, 1978. It does not appear that the trial court took any action with respect to these motions for new trial. They were therefore overruled by operation of law. A notice of appeal to the Court of Criminal Appeals was filed in each case on July 13, 1978. A cost bond in the amount of $500 was filed with the district clerk of Harris County in each case on October 2, 1978. The transcript and statement of facts in each case were filed in this Court on October 24, 1978.

In *Tinker v. State,* 561 S.W.2d 200 (Tex. Cr.App.1978), this Court, quoting from *Blue v. State,* 170 Tex.Cr.R. 449, 341 S.W.2d 917 (1960), stated:

"A bond forfeiture is a criminal action, but after the entry of judgment nisi all the proceedings, unless otherwise provided, are governed by the same rules as govern in civil cases; that is, by the applicable rules of Civil Procedure."

It is apparent from the record before us that the appellant has failed to properly perfect his appeal in each of these cases and we must dismiss the appeals for lack of jurisdiction.

■ The final judgment of forfeiture was entered in each case on May 10, 1978. Rule 329b of the Texas Rules of Civil Procedure provides that a motion for new trial must be filed within ten days and that if it is not acted upon by the trial court, it will be overruled by operation of law 45 days after it is filed. The motions for new trial in each of these cases were therefore overruled by operation of law on July 3, 1978.

■ We would also note that changes in the Texas Rules of Civil Procedure made by amendment effective January 1, 1976, eliminated the notice of appeal as an appellate step in a case such as this.

■ Rule 356(a) of the Texas Rules of Civil Procedure provides as follows:

"Whenever a bond for cost on appeal is required, the bond shall be filed with the clerk within 30 days after rendition of judgment or order overruling motion for new trial, *or after motion for new trial is overruled by operation of law.*" [Emphasis added.]

In each of the cases before us, the appellant's cost bonds should have been filed within 30 days of July 3, 1978. The cost bonds were, however, not filed with the district clerk until October 2, 1978, almost 90 days after appellant's motion for new trial in each of the cases was overruled by operation of law.

■ The requirement that a cost bond be filed within 30 days of the overruling of a motion for new trial by operation of law is mandatory and jurisdictional and it cannot be waived. *Texas Employers Insurance Association v. Dixson,* 546 S.W.2d 124 (Tex. Civ.App.—Beaumont, 1977, no writ); *Juarez v. Marchan,* 537 S.W.2d 129 (Tex.Civ. App.—Corpus Christi, 1976, no writ); *Olivarez v. Service Finance Corporation,* 513 S.W.2d 946 (Tex.Civ.App.—San Antonio, 1974, no writ); *Heldt Brothers Trucks v. Alvarez,* 477 S.W.2d 691 (Tex.Civ.App.— San Antonio, 1972, writ ref'd.). See *King v. Payne,* 156 Tex.R. 105, 292 S.W.2d 331 (1956); *Glidden Company v. Aetna Casualty and Surety Company,* 155 Tex. 591, 291 S.W.2d 315 (1956).

In the present state of the record, we have no authority to consider the appeals upon their merits. The appeals are dismissed for want of jurisdiction.

The appeals are dismissed.