Norman **GREEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 69578.

Court of Criminal Appeals of Texas,
En Banc.

July 13, 1988.

Mark Stevens, Sid Harle, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty. and Eduardo J. Garcia, Eduardo J. Garcia, Michael Granados and Raymond J. Hardy, Jr., Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for State.

OPINION

DUNCAN, Judge.

The appellant was convicted of capital murder, V.T.C.A. Penal Code, § 19.03(a)(2). The jury then made affirmative findings to the special issues required by Art. 37.-071(b)(1) and (2), V.A.C.C.P., and accordingly punishment was assessed by the trial court at death. Appellant's cause is now before us on direct appeal pursuant to Art. 4.04, § 2, V.A.C.C.P.

In two related points of error, the appellant contends that the trial court abused its discretion in overruling the appellant's motion for new trial on the grounds that jurors spoke to an unauthorized person about the case. The appellant urges this Court to reverse the appellant's conviction and remand the cause for a new trial. In the alternative, the appellant requests a remand of the cause for a hearing on his motion for new trial.

After sentencing, the appellant timely filed and presented to the court a sworn, written motion for new trial to which was attached the affidavit of Denise Green, the appellant's sister. Rule 31(c)(1) Tex.R.App. Pro. Attached to the motion for new trial was a proposed order setting a date for a hearing on the motion. A written notation on the proposed order indicates that it was presented to the trial judge on October 15, 1985; thereby putting the trial court on notice that the appellant desired a hearing so that he could be afforded the opportunity to present evidence in support of his motion for new trial.

According to the attached affidavit, on September 11, 1985, during a trial recess, Ms. Green allegedly overheard three female jurors discussing the case with the deceased's mother. The affidavit states:

I went to the women's restroom on the second floor of the courthouse and was just about to open the door to enter when I heard a discussion from inside, after I had just opened the door a few inches. I recognized the discussion as pertaining to the case so I stopped and listened. I heard three female jurors discussing the fact that they thought my brother was guilty and they also discussed the tele-

vision and newspaper coverage of the trial. At that point the mother of the deceased, MR. TIM ADAMS, spoke to the jurors and told them the case had not been covered in that morning's paper but had been on the morning news on television.

The State filed no controverting affidavits. The appellant's motion was overruled by operation of law [1] without a hearing.

The State argues that since the appellant's motion was overruled by operation of law and the affidavits were not introduced into evidence there was no evidence to support the appellant's contentions. The State has apparently confused the burden of proving up jury misconduct with the prerequisites necessary to obtain a hearing on a motion for new trial. This Court has never held that before a hearing is required the affidavits accompanying the motion for new trial must "reflect every component legally required to establish a claim of jury misconduct." *McIntire v. State*, 698 S.W. 2d 652, 658 (Tex.Cr.App.1985). On the contrary, in *McIntire, id.*, we held:

> As a matter of pleading and as a prerequisite to obtaining a hearing, keeping in mind that the purpose of the affidavit requirement is to limit the parameters of the hearing that is sought, we hold that an affidavit is sufficient if it demonstrates that *reasonable grounds* exist for believing that jury misconduct occurred, ... or a juror conversed with an unauthorized person regarding the case. *Id.* [emphasis added]

We find that the affidavit submitted in this case is sufficient to show that reasonable grounds exist for believing that jurors "conversed with an unauthorized person regarding the case." *Id.* Consequently, the appellant was entitled to a hearing on

1. Art. 40.05(c), V.A.C.C.P., repealed and replaced by Rule 31(e)(3) Tex.R.App.Pro.

2. The appellant's motion for new trial was based on several grounds. On appeal, the appellant is complaining only of the incident which Ms. Green describes. Moreover, this was the only allegation within the motion for new trial supported by an affidavit.

his motion for new trial with regard to the issue raised in Green's affidavit.[2]

Appellant's appeal is therefore abated and this cause is remanded to the trial court for a hearing on the appellant's motion for new trial with regard to the incident described in Green's affidavit.

ONION, Presiding Judge, dissenting.

The appellant did not serve a copy of his motion for new trial on the State, did not obtain a setting for a hearing thereon and secured no determination of his motion for new trial by the trial court, thus permitting the motion to be overruled by operation of law as expressly provided by the mandatory statute then in effect.[1] Like a trial objection to which a defendant secured no ruling, any error is waived.[2]

Today's majority, in an unprecedent move, now orders the trial court to conduct a hearing on a portion of the motion for new trial almost three years after the fact. And this, despite the statute and the consistent case law to the effect that this Court will not consider such a hearing conducted after the new trial motion is overruled by operation of law. See *Trevino v. State*, 565 S.W.2d 938 (Tex.Cr.App.1978); *Davis v. State*, 529 S.W.2d 547 (Tex.Cr. App.1975); *Morgan v. State*, 519 S.W.2d 449 (Tex.Cr.App.1975); *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App.1975). See also *Schneider v. State*, 594 S.W.2d 415 (Tex.Cr.App.1980); *McConathy v. State*, 544 S.W.2d 666 (Tex.Cr.App.1976); *Tunnell v. State*, 168 Tex.Cr.R. 358, 327 S.W.2d 590 (1959). See and cf. *Taack v. McFall*, 661 S.W.2d 923 (Tex.1983).

In the instant case appellant raises 30 points of error. Two of these relate to the undetermined motion for new trial. In one, appellant contends the trial court erred in overruling the motion for new trial. Of

1. Article 40.05, V.A.C.C.P. (as amended Acts 1981, 67th Leg., p. 803, ch. 291, § 107, effective Sept. 1981).

2. See *Turner v. State*, 719 S.W.2d 190 (Tex.Cr. App.1986); *Darty v. State*, 709 S.W.2d 652 (Tex. Cr.App.1986); *Stevens v. State*, 671 S.W.2d 517 (Tex.Cr.App.1984).

course, the trial court never determined or ruled on the motion as it was overruled by operation of law. Article 40.05(c), supra (as amended 1981). Thus there is no merit in the contention that the trial court abused its discretion. In the alternative the appellant asks for a remand for an unauthorized hearing now on the motion he filed but which he did not pursue. This the majority grants.

Looking at the record of the instant cause it is observed that the judgment and sentence was imposed on September 23, 1985. Within the thirty days' allowed by the statute [Article 40.05(b)] the appellant filed his motion for new trial on October 15, 1985. Thereafter, the 75 days after sentence expired without a determination of the motion for new trial was overruled by operation of law. Notice of appeal was given December 11, 1985. The record does not show that a setting was obtained for a hearing, or that a determination or ruling was made by the trial court before the motion was overruled by operation of law.[3]

The statutory time to apply or move for a new trial and to amend such motion is set forth in Article 40.05, V.A.C.C.P., as amended in 1981, which provides:

"(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court.

"(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the sentence is imposed or suspended in open court.

"(c) *In the event an original or amended motion for new trial is not determined by written order signed* within 75 days after the date the sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period.

"(d) It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within 10 days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such 10–day period. Such delayed hearing shall not operate to extend the 75–day time limit within the original or amended motion must be determined.

"(e) Within the time limits prescribed in this article, a motion for new trial may be filed after the expiration of the term at which the date the sentence was imposed or suspended in open court, either during a new term of court or during vacation, and a motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed." (Amended by Acts 1981, 67th Leg., p. 803, ch. 291, § 107, eff. Sept. 1, 1981.)[4] (Emphasis supplied.)

The statute and its forerunners are mandatory. See *Hart v. State,* 171 Tex.Cr.R. 375, 350 S.W.2d 547 (1961); *Brinkley v. State,* 167 Tex.Cr.R. 472, 320 S.W.2d 855 (1959).

In *Dugard v. State,* 688 S.W.2d 524, 528 (Tex.Cr.App.1985), it was stated:

"In 25 Tex.Jur.3rd, Criminal Law, § 3455, p. 312, it is stated:

" '... *The right to move for a new trial in a criminal case is purely statutory;* it is not part of the common law engrafted on the Texas system of juris-

---

**3.** The majority says the motion was "timely ... presented to the court." What the majority does not make clear is that this statement is based only on an unsigned and unidentified handwritten notation on the last page of the said motion "Presented to Judge 10–15–85. No Date set on hearing." Who made such notation is not shown by the record and it is not supported elsewhere in the record. This Court is not informed what "presentation" meant to the individual making the notation, be he or she a legal

secretary, law clerk, "gofer," attorney, clerk or whoever. Nor are the circumstances under which the motion was "presented" revealed.

**4.** Article 40.05, supra, has been repealed and replaced by Rule 31, Texas Rules of Appellate Procedure, effective September 1, 1986. Such rule closely tracks Article 40.05. Such rule, however, was not applicable to appellant's post-trial proceedings in 1985.

prudence. *The remedy must be pursued in the manner prescribed by statute.'* (Emphasis supplied.) See also *Banks v. State,* 79 Tex.Cr.R. 508, 186 S.W. 840 (1916)."

A motion for new trial can only be granted upon motion of the defendant, not the State. Article 42.02, V.A.C.C.P. (as amended 1981). See *Castro v. State,* 118 Tex.Cr. R. 53, 42 S.W.2d 779 (1931); *Zaragosa v. State,* 588 S.W.2d 322, 326 (Tex.Cr.App. 1979). And no authority exists for the court to grant a new trial on its own motion. *Dugard,* supra, at 528 and authorities there cited.

And since it is his motion a defendant in a criminal case must establish the truth of the allegations contained in his motion for a new trial. *King v. State,* 502 S.W.2d 795 (Tex.Cr.App.1973); *Dugard,* supra, at 528. The motion for a new trial is but a pleading and the allegations therein do not prove themselves, but must be proved. *Polk v. State,* 172 Tex.Cr.R. 211, 355 S.W.2d 712 (1962); *Mackey v. State,* 480 S.W.2d 720 (Tex.Cr.App.1972); *Tsamouris v. State,* 472 S.W.2d 141 (Tex.Cr.App.1971); *Allsup v. State,* 495 S.W.2d 238 (Tex.Cr.App.1973). The burden is on the movant.

Thus the allegations and any affidavit attached to the motion for new trial are pleadings and do not prove themselves, and in absence of evidence in support thereof the motion is properly overruled. *Davis v. State,* 419 S.W.2d 648 (Tex.Cr.App.1967).

In *Lamb v. State,* 680 S.W.2d 11 (Tex.Cr. App.1984), Judge Campbell speaking for the Court stated:

"The motion for new trial was overruled by operation of law. This being the case there was no evidence to support appellant's claims. Motions for new trial are not self proving. *Vaughn v. State,* 456 S.W.2d 141 (Tex.Cr.App.1970). They must be supported by affidavits and the affidavits must be offered into evidence. *Walker v. State,* 440 S.W.2d 653 (Tex.Cr.App.1969). *Since appellant failed to properly present his motion, we find no error in the trial court's failure to grant it."* (Emphasis supplied.)

"Where the motion for new trial asserts the existence of facts dehors the record that, if true, would demand a new trial, the burden is on the accused to establish the truth of the averments and not on the state to prove that they are untrue." 25 Tex.Jur.3rd, Criminal Law, § 3558, p. 492.

And where the jury is not being sequestered at the time (as in the instant case) this rule applies to motions for new trial based on jury misconduct. *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982).

Where there is no ruling or determination of a defendant's motion for new trial within the time prescribed by the statute it is overruled by operation of law. See *Mahan v. State,* 163 Tex.Cr.R. 36, 288 S.W.2d 508 (1956); *DeHay v. State,* 163 Tex.Cr.R. 516, 294 S.W.2d 401 (1956); *Barton v. State,* 165 Tex.Cr.R. 582, 310 S.W.2d 90 (1958); *Torrez v. State,* 167 Tex.Cr.R. 25, 320 S.W.2d 817 (1958); *Brantley v. State,* 167 Tex.Cr.R. 145, 320 S.W.2d 825 (1959); *Brinkley v. State,* 167 Tex.Cr.R. 472, 320 S.W.2d 855 (1959); *Newhall v. State,* 404 S.W.2d 592 (Tex.Cr.App.1966); *Steward v. State,* 422 S.W.2d 733 (Tex.Cr.App.1968); *Resendez v. State,* 523 S.W.2d 700 (Tex.Cr. App.1975); *Abrams v. State,* 563 S.W.2d 610 (Tex.Cr.App.1978); *Brewer v. State,* 576 S.W.2d 404 (Tex.Cr.App.1979); *McDonald v. State,* 597 S.W.2d 365 (Tex.Cr. App.1980), *cert. den.* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed. 467.

In *Grimes v. State,* 171 Tex.Cr.R. 298, 349 S.W.2d 598 (1961), it was held that motion for new trial was overruled by operation of law where the defendant never requested a setting on said motion and the statutory time expired.

And it has been held that where a defendant's amended motion for new trial was actually heard, but the defendant obtained no determination on the motion, the motion was eventually overruled by operation of law. *Posas v. State,* 443 S.W.2d 849 (Tex.Cr.App.1969).

And Article 40.05, supra, does not authorize an extension of time for a determination of a motion for new trial. *Morton v. State,* 502 S.W.2d 121 (Tex.Cr.App.1973);

*Newhall v. State,* 404 S.W.2d 592 (Tex.Cr. App.1966); *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App.1976); *Trevino v. State,* 565 S.W.2d 938 (Tex.Cr.App.1978).

Thus there is no abuse of discretion to refuse to hear a motion after it is overruled by operation of law. *Menjares v. State,* 456 S.W.2d 946 (Tex.Cr.App.1970); *Meek v. State,* 628 S.W.2d 543 (Tex.App.—Ft. Worth 1982), pet. ref'd.

Where the motion is overruled by operation of law any subsequent order of the trial court concerning the motion is without legal effect. *Williams v. State,* 99 Tex.Cr. R. 356, 269 S.W. 434 (1925). See also *Zaragosa v. State,* 588 S.W.2d 322 (Tex.Cr.App. 1979); *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983) (trial court lost jurisdiction). And where a trial court acting sua sponte does not have authority to grant a new trial in response to an application for writ of habeas corpus after the applicant's motion for new trial has been overruled by operation of law. *Ex parte Ybarra,* 629 S.W.2d 943 (Tex.Cr.App.1982).

And as earlier observed, if the trial court conducts a hearing on the motion for new trial after it is overruled by operation of law the evidentiary hearing will not be considered by the appellate court on appeal. *Zaragosa,* supra; *Trevino v. State,* 565 S.W.2d 938 (Tex.Cr.App.1978); *Boykin v. State,* 516 S.W.2d 946 (Tex.Cr.App.1975). See also *Tunnell,* supra; *Morgan,* supra; *McConathy,* supra; *Schneider,* supra. And this is so because such hearing is a nullity. *Patteson v. State,* 633 S.W.2d 549 (Tex.App.—Houston [14th] 1982).

The majority today root plowing precedent and orders almost three years after the fact an evidentiary hearing on a portion of the new trial motion which appeals to the majority upon its current reading of the motion overruled by operation of law.

The majority relies upon *McIntire v. State,* 698 S.W.2d 652 (Tex.Cr.App.1985), which in this writer's opinion was erroneously decided [5] and which also ignored precedent. *McIntire* did not, however, in-

volve a motion for new trial overruled by operation of law and is distinguishable.

The majority in the instant case seems to think it is issuing a ticket good for this trip and this trip (case) only without apparent awareness or regard for the settled law of this state to the contrary. Old precedents, guidelines and maps are destroyed and overruled sub silentio without any reasoning. What is needed is a modern Paul Revere to spread the word to the bench and bar "Don't adjust your sets. It is not your set but the signals you are receiving from the Court of Criminal Appeals."

A fuzzy picture is being sent. Stare at it a few minutes and numerous questions will be raised. Is a hearing ordered by the Court of Criminal Appeals while the case is on appeal to be considered although the motion for new trial was overruled by operation of law but only in such event? Is Texas Rules of Appellate Procedure, Rule 31(e), mandatory now? Is the procedure utilized today applicable only to capital murder cases? If applicable to all cases, has not a wholesale device of delay been created? Has the burden on a defendant's own motion for a new trial been shifted to the shoulders of the trial judge in cases where the operation of law provision may come into play?

I dissent vigorously to the unprecedented action of the majority in remanding the cause to the trial court for the reasons stated, before it is even known whether such a trip is even necessary.

McCORMICK, J., joins this opinion.

5. See this writer's dissent on rehearing, *McIn-*   *tire,* at p. 662.