**Joseph Frederick MERIWETHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–115 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 28, 1991.

Jeff A. Harmon, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BURGESS, Justice.

A jury convicted Joseph Frederick Meriwether of unauthorized use of a motor vehicle. Appellant pleaded true to the enhancement paragraphs of the indictment. The trial court assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises two points of error on appeal.

Point of error one avers the trial court erred in denying his motion for new trial without holding an evidentiary hearing.

Appellant's motion for new trial alleged newly discovered evidence. The attached affidavit of P.D., the victim's daughter, stated that her trial testimony was not complete, that her mother was intoxicated on the night of the offense and that she told her mother not to tell the police that appellant had driven her to the bar in her car, and that she told her mother what to say in the police report. The trial court denied the motion by written order and without holding a hearing.

The state contends that appellant has not shown that the new evidence was unknown to him before trial, that his failure to discover the evidence was not due to lack of diligence, or that the new evidence is competent. We agree that the motion and affidavit do not establish all of the requirements for obtaining a new trial. *See Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim. App.1987). The state called P.D. as a rebuttal witness. She testified for the defense at the punishment hearing before the court, and though she did not testify as a fact witness, it seems obvious that the defendant had the opportunity to discover what knowledge she had before that time. Nevertheless, the court of criminal appeals has held that a defendant need not establish a prima facie case in order to be entitled to a hearing on his motion. *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App. 1985). The affidavit is sufficient if it demonstrates the existence of "reasonable grounds". *Green v. State*, 754 S.W.2d 687 (Tex.Crim.App.1988).

The motion and affidavit are sufficiently pleaded that the trial court and prosecution are put on notice that reasonable grounds exist to believe that there might be newly discovered evidence. Although *McIntire* and *Green* were decided under prior law, we discern no rationale for distinguishing TEX.CODE CRIM.PROC.ANN. art. 40.06 (Vernon 1979) (repealed 1986) from TEX.R.APP.P. 31(d). The trial court is authorized to hear the evidence by affidavit or otherwise, but must do so at a *hearing*.

Point of error one is sustained. Appellant's appeal is abated and this cause is remanded to the trial court for a hearing on appellant's motion for new trial.

APPEAL ABATED.