IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-414-CR





MICHAEL MILLIMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0930828, HONORABLE LARRY FULLER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child and assessed
punishment at imprisonment for twenty-five years. Act of May 26, 1987, 70th Leg., R.S., ch.
573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch.
16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). We will
affirm.

 In his first point of error, appellant contends the district court erred by failing to
conduct a hearing on appellant's motion for new trial. Sentence was imposed in this cause on July
26, 1993. On July 28, appellant's trial counsel filed notice of appeal. On August 11, at
appellant's request, new counsel was appointed for appeal. On August 20, appellant filed a pro
se motion for new trial. No action was taken on the motion and it was overruled by operation of
law. Tex. R. App. P. 31(e)(3). (1)

 The mere filing of a motion for new trial is not sufficient to bring the motion to the
trial court's attention. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The
motion must be presented to the trial court for consideration within ten days after it is filed. Tex.
R. App. P. 31(c)(1). There is nothing in the record to indicate that appellant's pro se motion for
new trial was ever brought to the attention of the district court. In the absence of any showing
of presentment, the court's failure to conduct a hearing on the motion cannot be an abuse of
discretion. Compare Gibbs v. State, 819 S.W.2d 821, 836 (Tex. Crim. App. 1991), with Green
v. State, 754 S.W.2d 687 (Tex. Crim. App. 1988), and McIntire v. State, 698 S.W.2d 652, 660
(Tex. Crim. App. 1985). Point of error one is overruled.

 Points of error two through five complain of the admission of alleged hearsay
testimony by the physician who examined the complainant after he complained of sexual abuse
by appellant. In point two, appellant urges that the doctor was not the first person to whom the
complainant made outcry statements. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) (West
Supp. 1994). In points four and five, appellant argues that the State and the district court did not
comply with the procedural requisites of article 38.072. Article 38.072, § 2(b)(1), (2). In point
three, appellant contends that the doctor was erroneously permitted to recount accusations by the
complainant regarding an extraneous offense. This testimony was admitted without objection. 
In the absence of an objection, appellant's complaints were not preserved for review. Tex. R.
App. P. 52(a). The second, third, fourth, and fifth points of error are overruled.

 In his last point of error, appellant contends the State improperly bolstered the
testimony of the complaining witness by adducing evidence regarding the preparation and display
of a photographic lineup. This contention also was not preserved by a trial objection. Point of
error six is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 26, 1994

Do Not Publish

1.   The State argues that appellant's pro se motion for new trial was a nullity because a
defendant is not entitled to hybrid representation. Landers v. State, 550 S.W.2d 272, 278
(Tex. Crim. App. 1977) (opinion on motion for rehearing). Because we overrule this point of
error on other grounds, we express no opinion on the merits of this argument.