Affirmed as Modified and Opinion filed February 14, 2006









Affirmed
as Modified and Opinion filed February 14, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00518-CR

____________

 

FORREST
LEE STOKES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________________

 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 963,902

__________________________________________________________

 

O P I N I O N

Challenging his conviction for
theft as a third-time offender, appellant Forrest Lee Stokes asserts that the
trial court (1) abused its discretion by failing to conduct a hearing on his
motion for new trial and (2) wrongly deprived him of his right to testify on
his own behalf at trial.  We affirm. 








I.  Factual and Procedural
Background

David Gilliam, the assistant
manager of one of Houston=s Home
Depot stores, saw appellant walk out of the store while putting two items of
merchandiseCa sensor and a generatorCdown his
pants.  The items had an aggregate value
of $85.00.  When Gilliam asked appellant
for a receipt for this merchandise, appellant responded, AWho the fC are you?@  Gilliam replied that he was the store manager
and asked appellant to return the merchandise. 
At that point, a police officer asked Gilliam if he needed
assistance.  Gilliam replied that he did,
and the two men then escorted appellant back inside the store to the manager=s
office.  

Inside the store, appellant was
again questioned about the merchandise and he stated that he took the items
because he needed money to purchase a kitchenette.  Store personnel summoned the Harris County
Sheriff=s Office,
and appellant was arrested for theft. 

Appellant had several prior
convictions.  Two of themCin 1997
and 2003Cwere
felony theft convictions and so appellant was charged with the felony offense
of theft as a third-time offender. 
Appellant pleaded Anot
guilty@ to the
offense, but a jury found appellant guilty. 
After finding the enhancement paragraphs of the charging instrument
true,[1]
the jury assessed punishment at fifteen years=
confinement. 

Appellant filed a motion for new
trial alleging ineffective assistance of counsel, specifically contending that
his trial counsel had failed to independently investigate the circumstances of
the offense prior to trial and subpoena certain witnesses.  No hearing was held on the motion for new
trial, and it was overruled by operation of law.  








II.  Issues and Analysis

On appeal appellant asserts (1)
the trial court abused its discretion by failing to hold a hearing on his
motion for new trial; and (2) the trial court deprived him of his right to
testify on his own behalf. 

A.        Did the trial court abuse
its discretion by failing to conduct a hearing on appellant=s motion for new trial? 

 

In response to appellant=s
argument that the trial court abused its discretion by failing to conduct a
hearing on his motion for new trial, the State asserts that, although appellant
timely filed his motion for new trial, appellant waived this complaint because
he failed to properly present his motion to the trial court as required by
Texas Rule of Appellate Procedure 21.6.  See
Tex. R. App. P. 21.6.  Additionally, the State argues that even if
appellant properly presented his motion for new trial, the trial court did not
abuse its discretion by failing to hold a hearing because the supporting
declaration is defective and conclusory.








If a defendant desires a hearing
on a motion for new trial, it is incumbent upon the defendant to present the
motion to the trial court within ten days of its filing in order to put the
trial court on actual notice that he desires the trial court to take some
action on the motion for new trial.  See Tex.
R. App. P. 21.6; Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim.
App. 1998).  When a defendant properly
presents a motion for new trial raising matters not determinable from the
record, upon which he could be entitled to relief, the trial court abuses its
discretion in failing to hold a hearing. 
Tex. R. App. P. 21.7; see
also Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)
(citing to former Texas Rule of Appellate Procedure 31(d), which is essentially
the same as current Texas Rule of Appellate Procedure 21.7).  In this context, to Apresent@ a motion
means the record must show that the movant for a new trial actually delivered
the motion for new trial to the trial court or otherwise brought the motion to
the attention of the trial court.  Carranza,
960 S.W.2d at 79.  Thus, the mere
filing of a motion for new trial alone is not sufficient to show
presentment.  Id. at 80.  

In Carranza, the appellant
filed a motion for new trial based on newly discovered evidence.  960 S.W.2d at 77.  Attached to this motion was an order with a
signature line for the trial court to indicate whether it was granting or
denying the motion and a fiat with space for the trial court to set a hearing
date for the motion for new trial.  Id.  Neither the order nor the fiat contained
the trial court=s
signature or a hearing date.  Id.  No hearing was held on the appellant=s motion
for new trial.  Id.  The Court of Criminal Appeals found nothing
in the record to indicate that the appellant had delivered his motion for new
trial to the trial court or that the appellant otherwise had brought the motion
to the attention or actual notice of the trial court.  Id. 
Therefore, the high court held that the appellant had failed to Apresent@ his case
to the trial court and upheld the overruling of his motion for new trial by
operation of law.  Id. at 77,
80.  








The Court of Criminal Appeals
stated that A[t]he presentment must result in
actual notice to the trial court and may be evidenced by the judge=s
signature or notation on a proposed order or by a hearing date set on the
docket.@ Id.  at 81.  The Court of Criminal Appeals did not intend
this list to be exhaustive, but merely suggestive as to how one may fulfill the
communication requirement for presenting a motion for new trial.  Id. At the same time, the Court of
Criminal Appeals overruled its prior opinion in Green v. State, 754
S.W.2d 687 (Tex. Crim. App. 1988), in which it had held that a Awritten notation
on the proposed order was proper presentment and put the trial court on notice
that the appellant desired a hearing.@  Id. at 80 n.6.  The Carranza court stated: A[a]
notation on a motion for new trial under circumstances not revealed by the
record like the one in Green is not sufficient to show >presentment= because,
among other things, such a notation does not establish that it is the >judge=s
notation.=@  Id. 
The Carranza court cited with approval a footnote from the
dissenting opinion in Green, which stated that, for a handwritten
notation to be evidence of presentment, it must be signed by the trial
judge.  See id.  Therefore, for a handwritten statement on a
docket sheet to be evidence that the motion for new trial was presented to the
trial court, it must be signed by the trial judge.  See id.; Montoya v. State, No.
14‑96‑00782, 1998 WL 132909, at *3 (Tex. App.CHouston
[14th Dist.] March 26, 1998, no pet.) (not designated for publication) (stating
that, under Carranza, a handwritten entry used to show presentment must
be signed by the trial judge).








In Daniels v. State,
this court held that a docket entry stating, AMotion
for New Trial was presented to the Court@ was
sufficient to show presentment.  63
S.W.3d 67, 69 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  This court=s holding
in Daniels, however, does not control the outcome of the instant case
because Daniels does not address the issue of presentment in the factual
context presented by the record now before us. 
Because Daniels followed the Carranza opinion, we presume,
although it is not specifically mentioned in the Daniels opinion, that
the docket in entry Daniels was signed by the trial judge.  In the instant case, appellant filed a motion
for new trial, including a request for a hearing, with a blank order for
setting the date and ruling on the motion for new trial.  All of the forms provided remain blank and
contain no signatures or notations by the trial court.  On the docket sheet, there are two separate
handwritten entries for what appears to be June 17, 2004.  One entry reads, AMNT filedCpresented,@ but this
entry is crossed out.  The other entry
reads, AMotion
for New Trial presented to court no ruling per judge.@  Neither of these entries are signed, nor do
they indicate they were made by the trial judge.  The handwriting for these entries appears to
be different from the handwriting for entries made by the trial judge during
trial.  Further, the fact that one of the
entries refers to the Ajudge@
indicates that the entry was not made by the trial judge.  We cannot presume the notations at issue,
were, in fact, made and signed by the judge. 
Because these entries are not signed by the judge, they do not
constitute sufficient presentment under Carranza. See Carranza,
960 S.W.2d at 80 n.6.; Montoya, 1998 WL 132909, at *3.  Furthermore, the record in this case does not
indicate that the trial court ever set the motion for a hearing or ruled on
it.  See Carranza, 960 S.W.2d at
79B80
(stating that among other methods, presentment can be shown by a hearing date
set on the docket); see also Longoria v. State, 154 S.W.3d 747,
762B63 (Tex.
App.CHouston
[14th Dist.] 2004, pet. ref=d)
(holding that although the record contained a ANotice of
Presentment of Motion for New Trial,@ the
record is devoid of any showing that appellant actually presented the motion
for a ruling).  There is nothing
in our record to indicate that the appellant brought the motion for new trial
to the attention or actual notice of the trial court.  

Under Carranza, this
record fails to indicate that the appellant properly presented his motion for
new trial to the trial court.  Accordingly, the trial court did not abuse its
discretion in failing to conduct a hearing on appellant=s motion
for new trial. We overrule appellant=s first
issue.

B.        Did 
the trial court deprive appellant of his right to testify on his own
behalf? 

In his second issue, appellant
contends that the trial court misstated the law concerning the admissibility of
his prior convictions if he testified, thereby rendering his decision to
testify involuntary.  At trial, the
following exchange occurred: 

The Court:
The State has rested, Mr. Fosher. Are we ready to argue? Do youBall intend to put on any
evidence? 

Mr. Fosher
[Defense Counsel]: Judge, I intend to rest, put on no evidence at guilt or
innocence. Mr. Stokes had informed me that he wants to testify at guilt or
innocence. My advice is to not do that.

The Court:
Mr. Stokes, I need to ask you some questions, sir. You understand that you have
the absolute right not to testify if you [sic] want to?

The Defendant:
Yes, ma=am, I do.

The Court:
All right. And your lawyer tells me that you want to testify in this case, in
this part of the trial; is that correct? 

The
Defendant: Yes, ma=am.

The
Court: Okay.

The
Defendant: Yeah. The reason I feel like I want to testify, he has - -I feel
like he hasn=t presented a good case,
period, in this issue.

The Court:
Okay.








The
Defendant: For one, about the issues on the cameras in the store. They don=t have no evidence,
whatsoever, that I was even in the store. And even if I was stealing something
in that store, what he is claiming I done, that would be most B the idiotic thing to do
is to pull up you shirt where even customers can see it right there and say
like here=s the evidence right here.


The Court:
Okay. Well, I am sure Mr. Fosher explained to you that it is up to the jury to
believe or not believe any witness=s testimony.

I
just want make sure if you want to testify, that is your absolute right to do
that; but, if you want to testify, you need to be aware that if you have prior
convictions, that those prior convictions will be admissible before the jury in
this part of the trial, so.

The
Defendant: I understand. 

The Court:
All right. If you don=t testify, they are not
admissible in this part of the trial. 

Mr. Fosher:
Judge, he has seen the light and he agrees to not testify at this part of the
trial. 

The Court: Is
that what you want to do? Is that your wish?

The
Defendant: Yes ma=am.

The Court: All right.








Appellant
then rested, and made no further complaints. 
On appeal, appellant asserts that the trial court told him that if he
testified during the guilt-innocence phase, then his prior convictions would be
admissible.  Appellant contends, however,
that only his prior convictions for felonies and crimes involving moral
turpitude were admissible.  Appellant
further asserts that several of his prior convictions would not have been
admitted had he testified, based on the discretionary evaluation under Texas
Rule of Evidence 609 and the Theus factors. See Tex. R. Evid. 609 (a), (b); Theus v.
State, 845 S.W.2d 874, 880B82 (Tex.
Crim. App. 1992) (setting forth factors for balancing probative value versus
prejudicial effect under Rule 609).  The
trial court=s statement that prior
convictions are admissible is not the same as stating that the convictions
would be admitted.  Nonetheless,
appellant appears to have convictions that are not felonies and do not involve
crimes of moral turpitude.  For the
purposes of our analysis, we presume, without deciding, that the trial court
incorrectly indicated to appellant that his misdemeanor convictions for crimes
not involving moral turpitude would be admissible if he testified.  

Although
appellant complains that the trial court=s alleged
misstatement of the law deprived him of his ability to freely choose whether to
testify, neither appellant nor the State have cited any cases involving such a
claim.  Presuming that such a claim may
be made, we conclude that it would fall under the third Marin category
of rights that are to be implemented upon request.  See Marin v. State, 851 S.W.2d 275,
279 (Tex. Crim. App. 1993).  Therefore,
appellant=s assertion that the trial court
made a misstatement that made his decision to testify involuntary is subject to
procedural default.  Because appellant
did not raise this complaint in the trial court, we conclude that he failed to
preserve error.  See
Tex. R. App. P. 33.1.;
Bryant v. State, No. 05‑01‑00850‑CR, 2002 WL
1315907, at *1 (Tex. App.CDallas
June 18, 2002) (not designated for publication) (holding that appellant=s
argument that the trial court=s ruling
precluded him from testifying on his own behalf was waived because appellant
failed to make any such objection at trial); see also Lopez v. State,
990 S.W.2d 770, 776 (Tex. App.CAustin
1999, no pet.) (stating that A[a]
defendant does not have the right to testify free from impeachment.@); Caballero
v. State, 919 S.W.2d 919, 923 (Tex. App.CHouston
[14th Dist.] 1996, pet. ref=d)
(holding that because the defendant actually never testified in light of the
trial court=s ruling allowing the State to
impeach a defendant with prior convictions, he failed to preserve error).  Appellant also failed to preserve error
because he did not make a record as to what his testimony would have been.  See Guidry v. State, 9 S.W.3d 133, 153
(Tex. Crim. App. 1999).  








Further,
even if appellant had preserved error, appellant has not shown that the trial
court=s alleged
misstatement rendered his decision not to testify involuntary.  The record indicates that appellant=s trial
counsel already had counseled him as to the issues involved in deciding whether
to testify.  It also appears from the
record that appellant had further discussions with his counsel after the trial
court=s alleged
misstatements.  None of appellant=s
discussions with his counsel are in our record. 
Appellant=s counsel
may have advised him both before and after the trial court=s
statements that only his prior convictions 
for felonies and crimes of moral turpitude were potentially admissible,
but that based on appellant=s various
convictions, counsel recommended that appellant not testify.[2]  Furthermore, the record does not reflect what
effect, if any, the trial court=s alleged
misstatement had on appellant=s
decision not to testify.  Therefore, we
conclude that even if appellant had preserved error, appellant has not shown
that the trial court=s alleged
misstatement rendered his decision not to testify involuntary.  See Morgan v. State, 891 S.W.2d 736
(Tex. App.CHouston [1st Dist.] 1994, pet.
ref=d)
(stating that there is no authority to support the argument that the threat of
impeachment unconstitutionally prevented appellant from presenting a
defense).  Accordingly, we overrule
appellant=s second issue. 

Having
overruled both of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed February 14,
2006.

Panel consists of Justices Hudson, Frost, and
Seymore.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The written
judgment and sentence appear to reflect that the jury found both enhancement
paragraphs to be Anot true,@ but the
jury=s verdict form and the jury=s statement during the sentencing proceeding reflect
the oppositeCthat the jury found them to be true.  Appellant does not appear to dispute the jury=s finding of Atrue@ to the enhancement paragraphs.  Because it is clear by both the verdict form
and the jury=s statement during the sentencing phase that they
found the enhancement paragraphs to be true, we have the power to reform this
clerical mistake in the written judgment.  See Tex.
R. App. P.  43.2(b); Bigley
v. State, 865 S.W.2d 26, 27B28 (Tex.
Crim. App. 1993).  Accordingly, appellant=s written judgment and sentence are reformed to
reflect that the jury found both enhancement paragraphs to be true. 





[2]  Appellant had
prior convictions for felony theft in 2003; theft from a person in 2001; felony
theft in 1997; felony theft in 1993; misdemeanor theft in 1992; burglary in
1991; felony theft in 1990; felony driving while intoxicated (DWI)
offenses  in 1989, two misdemeanor DWI
offenses in 1984, and a misdemeanor DWI offense in 1982.